OPINION OF THE COURT
Richard D. Rosenbloom, J.
This is a motion by defendants to dismiss the complaint pursuant to CPLR 3211 (subd [a], pars 1, 7).
The complaint alleges that defendant Polizzi represented to plaintiff’s decedent, Pearl A. Wheaton, that the purchase of an immediate life annuity contract issued by *616 defendant Metropolitan “would produce the largest return possible on her investment” and that it was “a suitable investment” for her. Wheaton was 80 years old and in poor health at the time of the representations and paid the purchase price of $25,000 in full. She received monthly payments totaling $3,135.55 before her death approximately 13 months after the contract was issued. The contract did not provide for the return of any part of the purchase price upon Wheaton’s death.
The complaint contains four causes of action based on the following theories: fraud; violation of the Insurance Law; violation of the General Business Law; and rescission by reason of lack of capacity. Upon oral argument of the motion, defendants conceded that the fourth cause of action stated a cause of action. Although the motion was directed to the complaint as a whole, this court exercises its discretion to address the remaining causes of action with a view toward narrowing the issues. (See Long v Beneficial Fin. Co., 39 AD2d 11, 15.)
The first cause of action alleges that the statements made by defendant Polizzi in his capacity as an agent and representative of defendant Metropolitan were false and were made with the intent to deceive and defraud Wheaton. It also alleges that defendant Polizzi took unfair advantage' of a confidential and advisory relationship with Wheaton, in view of her poor health and age. Plaintiff’s complaint meets the specificity requirements of CPLR 3016 in that it alleges in detail the circumstances constituting the wrong, to wit: defendant’s representation of a material fact; falsity; fiduciary or confidential relationship; intent to deceive and to induce purchase of contract; reliance by Wheaton; and damages.
This cause of action alleges all the elements of a claim for constructive fraud based on a confidential relationship “warranting the trusting party to repose his confidence in the defendant and therefore to relax the care and vigilance he would ordinarily exercise in the circumstances” (Brown v Lockwood, 76 AD2d 721, 731). Paragraph 13 of the complaint alleges facts from which it could well be concluded that defendants were in a superior bargaining position and that Wheaton was entitled to special protection.
*617 The statement that the contract would produce the largest return possible is clearly a representation of an existing fact. A statement as to the suitability of the contract for Wheaton could be a statement of fact or opinion, depending on the circumstances and the nature of the communication taken as a whole. Also relevant is the manner in which the statement is likely to be understood. (See Mashburn v Collin, 355 So 2d 879 [La].) For the purposes of this motion, the complaint must be construed in a light most favorable to the plaintiff. (Foley v D’Agostino, 21 AD2d 60.) Given Wheaton’s age and state of health and the superior expertise and knowledge of defendant Polizzi, the statement as to suitability might very well have reasonably been interpreted as one of fact. Therefore, the first cause of action has sufficiently alleged circumstances which could warrant a finding that defendants’ representations were statements of fact. Defendants’ motion to dismiss the first cause of action is denied.
In the second cause of action, plaintiff alleges that defendants violated the provisions of the Insurance Law, particularly the unfair and deceptive practices defined in section 127 as follows: “No agent or representative of any insurer * * * shall * * * cause or permit to be issued or circulated, any illustration, circular, statement or memorandum misrepresenting the terms, benefits or advantages of any policy * * * or any annuity contract”.
Defendants note that section 127 of the Insurance Law provides for criminal sanctions and contend that no private right of action arises here because no willful violation has been alleged. However, subdivision 4 of section 127 expressly provides for a civil penalty for an agent or corporation who knowingly receives compensation for the sale of an annuity contract induced by a violation of the Insurance Law. Therefore, defendants’ motion to dismiss the second cause of action is denied.
The third cause of action alleges a violation of section 352-c of the General Business Law which prohibits false representations to promote or induce the sale of securities. Section 352 of the General Business Law defines securities as “any stocks, bonds, notes, evidences of interest or indebtedness or other securities”. Plaintiff maintains that *618 the annuity contract was suggested to Wheaton as an investment vehicle and, as such, constituted an “other security”. Plaintiff relies on Matter of Gardner v Lefkowitz (97 Misc 2d 806) which considers such factors as the manner in which an item is presented and sold, the character given to the investment, the terms of the offer and the economic inducements held out to the prospect.
In Marine Bank v Weaver (455 US 551) the Supreme Court considered whether a certificate of deposit constituted a security under the Federal securities law. In concluding that it did not, the court noted that a certificate of deposit had a fixed rate of return and is subject to the comprehensive regulations of the banking industry, thereby not being in need of the additional protection of the securities law.
The Metropolitan immediate life annuity contract has much more in common with a certificate of deposit than with the sale of diamonds analyzed in Matter of Gardner v Lefkowitz (supra). Wheaton did not rely on third parties or a promoter to lead to a realization of profits. The annuity contract had a fixed rate of income and was subject to New York’s extensive regulation of the insurance industry. Purchasers of such contracts are not in need of the additional protection afforded by the General Business Law. This court concludes that the annuity contract in question is not a security as defined in section 352 of the General Business Law.
Defendants’ motion to dismiss the third cause of action is granted and is otherwise denied.