S.H. AND HELEN R. SCHEUER FAMILY FOUNDATION, INC., By and Through STEVEN H. SCHEUER, as Director, Member and Individually, Appellant, v 61 ASSOCIATES et al., Respondents.

First Department, March 26, 1992

APPEARANCES OF COUNSEL

*Henry P. Wasserstein* of counsel *(Daniel L. Kurtz* and *Robert D. Balin* with him on the brief; *Lankenau & Bickford* and *Skadden, Arps, Slate, Meagher & Flom,* attorneys), for appellant.

*Aaron Rubinstein* of counsel *(Peter M. Fishbein, Mark D. Godler* and *Michael K. Rozen* with him on the brief; *Kaye, Scholer, Fierman, Hays & Handler,* attorneys), for respondents.

## OPINION OF THE COURT

ELLERIN, J.

Resolution of this appeal is dependent upon whether or not the "business judgment rule" is applicable to the complained-of acts by the defendant corporate directors.

Plaintiff, Steven H. Scheuer, is one of five children of Simon H. and Helen R. Scheuer. From 1984 until September 1989, he served as one of 12 directors and members of the S.H. and Helen R. Scheuer Family Foundation (Foundation), a charitable not-for-profit corporation. The Foundation, which in 1989 made charitable donations of approximately $9,000,000, is funded largely by revenues from trusts created under the will of Helen R. Scheuer, including the Helen R. Scheuer Charitable Lead Trust. The Foundation is presently governed by a board of 11 directors, who are also the Foundation's only members and who include the eight individual defendants. The within derivative action seeks, *inter alia,* to remove the director defendants as directors, members and officers of the Foundation and to enjoin them permanently from exercising any power for, or on behalf of, the Foundation. At the time the action was brought, plaintiff was still both a member and director of the Foundation but, in September 1989, shortly after commencing the action, plaintiff was removed from the Foundation.

In June 1990, plaintiff served the amended complaint which is at issue on this appeal. The gravamen of the complaint is that the director defendants, along with defendants 61 Associates and 61 Associates Corp. (referred to collectively as 61 Associates), which serve as investment advisor and asset manager of the Foundation and of which, it is alleged, the individual defendants are either owners, partners, or agents, have imprudently and negligently invested the Foundation's assets, thereby causing it substantial losses, have engaged in self-

dealing while acting in their directorial capacity, and have improperly withheld information from the other directors and engaged in bribery and coercion in order to cover up such wrongdoing.

■ Upon defendants' motion to dismiss for failure to state a cause of action, the IAS court held that the defendant directors were entitled to the protection of the business judgment rule. Applying this rule to the within allegations, the court upheld only the fourth cause of action, which alleged that the defendants had improperly charged the Foundation $581,200 for office space, and the fifth cause of action, which alleged that the defendants improperly caused the Foundation to make a loan to a partnership in which two of the director defendants are general partners. However, the court found that the business judgment rule required dismissal of the first, second, third, sixth and seventh causes of action. Plaintiff now appeals that finding as to the first, second, third and sixth causes of action. Because we find that the business judgment rule should not have been applied here to the transactions covered by such causes of action, we reverse.

The business judgment rule "bars judicial inquiry into actions of corporate directors taken in good faith and in the exercise of honest judgment in the lawful and legitimate furtherance of corporate purposes." *(Auerbach v Bennett,* 47 NY2d 619, 629.) Clearly, such a rule is necessary in order to avoid judicial second-guessing of corporate decision making *(supra,* at 630-631). Just as clearly, however, the rule will govern only where such decision making, although perhaps misguided, has been honest and disinterested, and the doctrine will not be enforced when the good faith or oppressive conduct of the officers and directors is in issue *(Koral v Savory, Inc.,* 276 NY 215). Thus, the rule does not foreclose the courts from making an initial inquiry as to the status of those members of the board who are charged with misfeasance. As the Court of Appeals has held, "the rule shields the deliberations and conclusions of the chosen representatives of the board only if they possess a disinterested independence and do not stand in a dual relation which prevents an unprejudicial exercise of judgment." *(Auerbach v Bennett, supra,* at 631; *see also, Parkoff v General Tel. & Elecs. Corp.,* 53 NY2d 412, 417-418.)

■ At this stage of the proceedings, if plaintiff has made a prima facie showing of a lack of such disinterested independence or such dual relation, the complaint may not be dismissed for failure to state a cause of action solely upon

application of the business judgment rule. Thus, here, we must first ascertain whether plaintiff's pleading contains sufficient allegations to demonstrate that defendants, who constitute a sizeable majority of the board of directors, failed to possess the independence and disinterested status which is a prerequisite to insulation from liability by virtue of the business judgment rule. Contrary to the IAS, we conclude that the allegations that each of the individual defendants participated in or had a significant interest in 61 Associates as well as the Foundation are sufficient to plead precisely the type of dual interest and potential for self-interest which would create an exception to the shield provided by the business judgment rule and render open to judicial scrutiny allegations of improprieties by the board in its relationship to 61 Associates and the latter's relationship with Southdown, Inc. Those allegations of improprieties must therefore be examined to see if, without application of the business judgment rule, they would otherwise state causes of action.

■ The standard of care to which directors and officers of a not-for-profit corporation must subscribe is set forth in Not-For-Profit Corporation Law § 717 (a), which requires that they "discharge the duties of their respective positions in good faith and with that degree of diligence, care and skill which ordinarily prudent men [sic] would exercise under similar circumstances in like positions." Moreover, it is well established that, as fiduciaries, board members bear a duty of loyalty to the corporation and "may not profit improperly at the expense of their corporation" (Turner v American Metal Co., 268 App Div 239, 273, appeal dismissed 295 NY 822; see also, Geddes v Anaconda Min. Co., 254 US 590, 599).

■ The first cause of action alleges that the defendant directors breached their duty of loyalty to the Foundation by engaging in an illegal coverup scheme designed to forestall investigation of an improper relationship between the Foundation and 61 Associates. As a preliminary matter, we note that this cause of action is not, as argued by defendants, barred by the doctrine of res judicata. The decision of the IAS court dismissing the first complaint, which was not appealed, made clear that the seventh, eighth, and ninth causes of action in that complaint, which contained certain allegations now contained in the first cause of action of the amended complaint, were dismissed as cumulative, or duplicative, and not on the merits. Thus, res judicata does not bar their assertion in the amended complaint (see Furia v Furia, 116 AD2d 694).

■ Plaintiff alleges in this first cause of action that the defendant directors conspired to deter plaintiff, as well as two of plaintiff's brothers, from investigating the services provided to the Foundation by 61 Associates. The complaint further alleges that, in order to effect this result, the defendant directors first revoked the power which had been held by each of the brothers to designate Foundation donees of $75,000 of Foundation assets, and then offered to restore the power and raise the amount to $400,000 in exchange for the release of claims held by the Foundation against the defendants. It further alleges, in very specific terms, that the defendant directors, in additional attempts to obtain the releases, threatened to publicize damaging allegations concerning plaintiff and his brother, James, and that these directors, solely for the same purpose, withheld all financial information concerning the Helen R. Scheuer Charitable Lead Trust from directors not affiliated with 61 Associates. Finally, it alleges that the individual defendant directors, acting in their directorial capacity on behalf of the Foundation, improperly released each other from claims held by the Foundation against each of them as individuals. These allegations are certainly sufficient to state a cause of action for breach of the directors' fiduciary duty.

■ The allegations contained in the second cause of action concern charges of mismanagement of the Foundation's investments. Specifically, plaintiff alleged the investment of a substantial portion of the Foundation's portfolio in Southdown, Inc., a publicly held corporation in which representatives of 61 Associates served as principal officers and a large percentage of which was owned by separate Scheuer family interests also represented by 61 Associates, the subsequent concealment from Foundation directors not associated with 61 Associates of a report by Goldman, Sachs & Co. on the unlikelihood of an increase in the price of Southdown shares, and the failure to sell the Southdown shares at that point, thereby causing the Foundation to later sell the shares at a substantially reduced amount. It is further alleged that the defendant directors, in violation of N-PCL 715, failed to recuse themselves from votes on motions brought by plaintiff's brother, James Scheuer, seeking to obtain independent evaluations of the quality of the investment advisory services rendered by 61 Associates from 1979 through 1988, that the defendant directors withheld other financial information from the remainder of the board for the purpose of hiding what 61

Associates was doing and that the defendant directors partici-
pated in the investment of Foundation funds at the direction
of 61 Associates in certain specifically named and described
securities which were speculative and unsuitable for a philan-
thropic investor, thereby causing substantial losses to be
incurred by the Foundation, and participated in the excessive
trading of securities, thereby causing the Foundation to incur
large, unnecessary commissions. In addition, there are allega-
tions that from 1984 to 1987 the defendant directors failed to
provide the board with an annual report certified by an
independent or certified public accountant, since the account-
ing company which prepared the Foundation's reports was
controlled by defendant director Harold Cohen. We find that,
applying the standard set forth in N-PCL 717 (a), plaintiff has
clearly set forth in the second cause of action sufficient
allegations to show that, if true, defendants have not acted
prudently and have mismanaged the Foundation's assets.

■ The third cause of action relies on the same factual
allegations concerning allegedly negligent investments, but
charges that the same facts alternatively establish the liabil-
ity of the defendant directors by demonstrating that they
negligently selected, supervised, and monitored 61 Associates
as its delegee with the authority to invest, reinvest, and
manage the funds of the Foundation. In making the selection
of persons to whom such investment authority is to be dele-
gated, N-PCL 514 requires directors to exercise the standard
of care set forth in N-PCL 717. The latter section specifically
provides that the board must consider, "among other relevant
considerations the long and short term needs of the corpora-
tion in carrying out its purposes, its present and anticipated
financial requirements, expected total return on its invest-
ments, price level trends and general economic conditions."
(N-PCL 717 [a].) We find, particularly in light of the relation-
ship of the defendant directors with 61 Associates, that plain-
tiff's allegations create a sufficient question as to whether
defendant directors fulfilled the requisite standard of care in
evaluating and selecting 61 Associates as an appropriate
investment advisor to sustain the third cause of action.

■ The final cause of action at issue on this appeal is the
sixth, which is brought solely against 61 Associates and al-
leges negligence in making the above-described investments.
Clearly the business judgment rule would, in any event, be
irrelevant to this cause of action, since it is not brought
against the directors. While we agree with the IAS court that

an investment advisor is not an insurer of its clients' investments, plaintiff has alleged sufficient facts to establish, if true, that 61 Associates' investments were not simply unsuccessful, but were negligently and improperly made at the outset. The allegations are therefore sufficient to state a cause of action against 61 Associates.

We note that, in view of our decision herein, it is not necessary to reach the additional argument raised by plaintiff that the business judgment rule should never apply to directors of not-for-profit corporations.

Accordingly, the order of the Supreme Court, New York County (Beatrice Shainswit, J.), entered October 24, 1990, which, *inter alia,* granted defendants' motion to dismiss the 1st, 2nd, 3rd, and 6th causes of action of the amended complaint, should be unanimously reversed, on the law, insofar as appealed from, and the 1st, 2nd, 3rd, and 6th causes of action reinstated, without costs.

CARRO, J. P., MILONAS and KUPFERMAN, JJ., concur.

Order of the Supreme Court, New York County, entered October 24, 1990, which, *inter alia,* granted defendants' motion to dismiss the 1st, 2nd, 3rd, and 6th causes of action of the amended complaint, is reversed, on the law, insofar as appealed from, and the 1st, 2nd, 3rd, and 6th causes of action reinstated, without costs.