■ **MT/Z&Z Co., Inc.,** et al., Respondents, v **Zimmering & Zinn, Inc.,** et al., Appellants. [687 NYS2d 366] —Judgment, Supreme Court, New York County (Paula Omansky, J.), entered February 10, 1998, after a nonjury trial, awarding damages and attorneys' fees in favor of plaintiff MT/Z&Z Co., Inc. (MT) and against defendant Zimmering & Zinn, Inc. (Z&Z), Carl S. Zimmering (Zimmering) and Jerry Zinn (Zinn), and directing that MT recover, as a credit against the award of damages in its favor, all proceeds received by Z&Z and Zimmering in their separate pending action against Gerard Associates, Inc., unanimously modified, on the law and the facts, to vacate the awards of damages and attorneys' fees, and remand for further proceedings to be consolidated with the MT dissolution proceeding, and otherwise affirmed, without costs. Orders,

same court (Ira Gammerman, J.), entered November 7, 1997 and March 16, 1998, which, *inter alia,* imposed sanctions against defendants and their attorneys in the amount of $750, unanimously modified, on the law and the facts, to vacate the sanctions, and otherwise affirmed, without costs.

The instant appeals arise out of the breakup of MT, formed by the merger of Madison Type, controlled by plaintiffs herein Nancy Brannigan and Lee Einzig, and Z&Z, controlled by defendants herein Zimmering and Zinn. Preliminarily, a prior action commenced by Zimmering, Zinn and Z&Z against Brannigan and Einzig has no res judicata or collateral estoppel effect in this action, Justice Gammerman having specifically ruled that Brannigan and Einzig could institute an action based on the claims pleaded herein concerning the alleged wrongful transfer of assets out of MT (*see, Scheuer Family Found. v 61 Assocs.,* 179 AD2d 65, 70; *Singleton Mgt. v Compere,* 243 AD2d 213, 215). Similarly, to the extent the Special Referee in the prior action made certain findings and recommendations against Zimmering and Zinn, they were expressly ruled to be outside the scope of the reference, and thus their rejection was not on the merits and has no preclusive effect.

It was undisputed at trial in the instant action that $2,444,950.50, representing "production costs" and other monies, was transferred from MT to Z&Z, and that an additional $1,022,615.03 was transferred out of MT, or expended by it, purportedly in repayment of certain loans and other obligations of MT to Z&Z, Zimmering and Zinn. However, it was also undisputed that Z&Z would be entitled to retain its actual production costs, and that the $744,000 buy-in agreement between the parties, the $807,000 loan from Z&Z to MT, and the $120,000 loan from Zimmering and Zinn to MT were legitimate obligations of MT, and that the lease agreements and employment contracts of Zimmering and Zinn were valid. The trial court itself acknowledged that a determination of the amounts of valid expenses versus improper transfers was inextricably intertwined with the accounting and dissolution of MT, and thus it was error to direct defendants, at this stage, to return the $3.4 million transferred out of MT. The case is therefore remanded for further proceedings, to be consolidated with the dissolution action, which had been properly commenced but has yet to be addressed by any trial court.

Since there were legitimate antecedent debts, as admitted by plaintiffs, defendants' transfers did not run afoul of Debtor and Creditor Law § 275 or § 276, and plaintiffs are therefore not entitled to attorneys' fees.

While the amended counterclaims asserted in the instant action by Zimmering and Zinn are similar to their claims in the prior action, Justice Gammerman dismissed the claims in the prior action "without prejudice to the rights of the parties vis-à-vis the distribution of assets of [MT]". Therefore, the pleading of those claims, which are to be litigated in the remanded proceedings in the context of the dissolution proceeding, was not frivolous, and we accordingly vacate the awards of sanctions.

There was, however, sufficient testimony at trial to support the finding that defendants acted in bad faith in forming a secret joint venture with another entity, Gerard Associates, Inc., for their exclusive benefit, and to which they transferred MT's office lease, equipment and corporate opportunities, and the trial court therefore properly determined that any recovery in the separate action by Z&Z against Gerard is a recoverable asset of MT. Concur—Rosenberger, J. P., Tom, Wallach and Saxe, JJ.