■ THE PEOPLE OF THE STATE OF NEW YORK by ANDREW M. CUOMO, Attorney General of the State of New York, Respondent-Appellant, v COVENTRY FIRST LLC et al., Appellants-Respondents. [861 NYS2d 9]—

Order, Supreme Court, New York County (Helen E. Freedman, J.), entered September 28, 2007, which granted defendants' motion to dismiss the complaint as it pertains to life settlement transactions by non-New York brokers or to non-New York misconduct, granted the motion with respect to, inter alia, the securities fraud and common-law fraud causes of action, and denied their motion to compel arbitration, unanimously modified, on the law, the common-law fraud cause of action reinstated, and otherwise affirmed, without costs.

The Donnelly Act claim was properly dismissed to the extent that the alleged conduct did not take place "in this state" (*see* General Business Law § 340 [1]; *see also Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 324-325 [2002]), as was the Martin Act claim with respect to alleged conduct not "within or from this state" (*see* General Business Law § 352-c [1]), and to the extent that it pertained to variable annuity policies already

subject to regulation by the Department of Insurance (*see Meagher v Metropolitan Life Ins. Co.*, 119 Misc 2d 615 [1983]). In other respects, these claims, as well as the claim pursuant to Executive Law § 63 (12), constituted proper exercises of the State's regulation of businesses within its borders in the interest of securing an honest marketplace (*see Matter of People v Telehublink Corp.*, 301 AD2d 1006, 1009-1010 [2003]). The latter cause of action was sufficiently stated; the elements of fraud need not be alleged (*see People v Concert Connection*, 211 AD2d 310, 320 [1995], *appeal dismissed* 86 NY2d 837 [1995]; *see also People v General Elec. Co.*, 302 AD2d 314 [2003]). There were sufficient nonconclusory allegations that the life settlement brokers were agents of the sellers of the insurance policies, thereby imposing upon them the fiduciary prohibition against hidden compensation; the rules governing real estate and insurance brokers are not dispositive. Defendants' actual knowledge of the brokers' wrongdoing may be fairly inferred from the allegations that defendants participated in and covered up the alleged bid-rigging, supporting the claim for aiding and abetting breach of fiduciary duty (*see Kaufman v Cohen*, 307 AD2d 113, 125-126 [2003]).

The common-law fraud claim should not have been dismissed, since "out-of-pocket" nonspeculative losses were alleged by claims of specific lost sales (*see Bernstein v Kelso & Co.*, 231 AD2d 314, 322 [1997]). The contrary ruling in *Beznicki v Fetaya* (11 Misc 3d 1087[A], 2006 NY Slip Op 50755[U] [2006]), citing our decision in *Bernstein* for the general damages rule but failing to distinguish it, is unpersuasive.

The motion court properly declined to compel arbitration of even the victim-specific claims (*see EEOC v Waffle House, Inc.*, 534 US 279 [2002]; *State ex rel. Hatch v Cross Country Bank, Inc.*, 703 NW2d 562, 570 [Minn Ct App 2005]). Contrary to defendants' contention, none of the exceptions to the rule against subjecting nonsignatories to arbitration applied (*see e.g. Denney v BDO Seidman, L.L.P.*, 412 F3d 58, 70 [2d Cir 2005]; *Mark Ross & Co., Inc. v XE Capital Mgt., LLC*, 46 AD3d 296 [2007]).

We have considered the parties' other contentions for affirmative relief and find them unavailing. Concur—Lippman, P.J., Andrias, Sweeny and Renwick, JJ. [*See* 2007 NY Slip Op 33089(U).]