■ THE PEOPLE OF THE STATE OF NEW YORK, by ANDREW M. CUOMO, as Attorney General, Respondent-Appellant, v H & R

Block, Inc., et al., Respondents, and H & R Block Financial Advisors, Inc., Appellant-Respondent, et al., Defendants. [870 NYS2d 315]—

Order, Supreme Court, New York County (Karla Moskowitz, J.), entered July 11, 2007, which, insofar as appealed from as limited by the briefs, in an action alleging that defendants engaged in fraudulent and deceptive business practices in connection with the marketing of an Express IRA, granted the motion of defendant H & R Block Financial Advisors, Inc. (Advisors) to dismiss the complaint as against it solely to the extent of dismissing the third cause of action for common-law fraud, and granted the motion of defendants H & R Block, Inc. (Block, Inc.) and H & R Block Services, Inc. (Services) to dismiss the complaint as against them, unanimously modified, on the law, to reinstate the fraud cause of action against Advisors, to deny the motion of Block, Inc. and Services, and to reinstate the complaint as against them, and otherwise affirmed, without costs.

The court erred in rejecting, at this stage of the litigation, plaintiff's claim that the court obtained personal jurisdiction over Block, Inc. and Services through the actions of their subsidiaries in this state. Plaintiff's pleadings and accompanying documentation made a "sufficient start" to warrant further discovery on the issue of personal jurisdiction (*see Peterson v Spartan Indus.*, 33 NY2d 463, 467 [1974]; *Edelman v Taittinger, S.A.*, 298 AD2d 301, 302 [2002]). We also find that the complaint was sufficiently specific to state a cause of action against Services (*see Bernstein v Kelso & Co.*, 231 AD2d 314, 321-322 [1997]).

The fraud claim against Advisors was sufficiently pleaded, since the scienter requirement was satisfied by the allegations that Advisors was aware that the Express IRAs were poor investments, yet continued to market them, without proper disclosure about the fees and extra expenses they would entail (*see Houbigant, Inc. v Deloitte & Touche*, 303 AD2d 92, 97 [2003]).

The breach of fiduciary duty claim against Advisors was properly upheld. The complaint alleges sufficient facts establishing Advisors' fiduciary relationship with its Express IRA

customers (*see EBC I, Inc. v Goldman, Sachs & Co.*, 5 NY3d 11, 22 [2005]).

The court properly rejected defendants' argument that the Attorney General has no authority to recover on behalf of non-New York residents in this case. New York's vital interest in securing an honest marketplace in which to transact business was threatened when defendants used a New York business to complete the deceptive transactions at issue here by administering their money market fund, and advised customers that the New York business would be their "authorized agent" (*see Matter of People v Telehublink Corp.*, 301 AD2d 1006, 1009-1010 [2003]).

The court properly declined to compel arbitration of even the victim-specific claims (*see EEOC v Waffle House, Inc.*, 534 US 279 [2002]; *People v Coventry First LLC*, 52 AD3d 345 [2008]).

We have considered the parties' remaining contentions for affirmative relief and find them unavailing. Concur—Tom, J.P., Mazzarelli, Saxe, Nardelli and Buckley, JJ. [*See* 16 Misc 3d 1124(A), 2007 NY Slip Op 51562(U).]