■ DIGITAL BROADCAST CORPORATION, Appellant, v LADEN-BURG, THALMANN & CO., INC., et al., Respondents, et al., Defendants. [883 NYS2d 186]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered December 26, 2008, which denied plaintiff's motion for partial summary judgment on its cause of action for breach of contract and for summary judgment dismissing the fourth affirmative defense and the counterclaim, and granted the Ladenburg and Intrater defendants' motion for summary judgment dismissing the complaint against them, unanimously affirmed, with costs.

The breach of contract claim was properly dismissed because there was no objective criteria against which the Ladenburg and Intrater defendants' efforts could be measured (*Timberline Dev. v Kronman*, 263 AD2d 175, 178 [2000]). Furthermore, these defendants' efforts to market the securities only to institutional investors are protected as an exercise of good faith business judgment (*see In re Chateaugay Corp.*, 186 BR 561, 594 [SD NY 1995]). In any event, the claim was properly dismissed because the agreement provided that defendants shall have no liability except for losses resulting from gross negligence or willful misconduct, neither of which occurred.

Plaintiff is also unable to show any evidence of damages caused by defendants' failure to terminate the agreement in writing. Specifically, it has not been demonstrated plaintiff would have behaved differently had it been sent a written termination notice.

Even if plaintiff could demonstrate it had a viable claim for breach of contract, it could not demonstrate it suffered any damages as a result of the breach. This is because it could not clear the initial hurdle of demonstrating "that the particular damages were fairly within the contemplation of the parties to the contract at the time it was made" (*Kenford Co. v County of Erie*, 67 NY2d 257, 261 [1986]; *see also Awards.com v Kinko's, Inc.*, 42 AD3d 178 [2007], *lv dismissed* 9 NY3d 1025 [2008]). Furthermore, the parties' agreement contains no mention of consequential damages.

Moreover, since plaintiff was a "development stage" company

and had never generated any revenue, it could not meet the stricter standard for the award of lost profits it seeks because "there does not exist a reasonable basis of experience upon which to estimate lost profits with the requisite degree of reasonable certainty" (*Kenford*, 67 NY2d at 261).

The court properly dismissed the fraud and breach of fiduciary duty claims, which were premised on the same ground. Indeed, the record evidence demonstrates that plaintiff did not cease its own efforts to raise money in reliance on defendants' purported statements. Furthermore, the expenditures plaintiff allegedly made in reliance on the statements were actually made by its subsidiary, a nonparty to the action, and plaintiff lacks standing to sue for injury to its subsidiary, absent a showing of complete dominion and control (*see Alexander & Alexander of N.Y. v Fritzen*, 114 AD2d 814 [1985], *affd* 68 NY2d 968 [1986]).

The court properly refused to grant summary judgment to plaintiff dismissing the counterclaim. Indeed, as the court found and as plaintiff concedes, the parties' agreement was ambiguous, leaving a triable issue of fact as to whether they intended the agreement to cover any and all sales of securities during the term of the agreement (*see NFL Enters. LLC v Comcast Cable Communications, LLC*, 51 AD3d 52, 61 [2008]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Saxe, Catterson, DeGrasse and Abdus-Salaam, JJ. [*See* 2008 NY Slip Op 33451(U).]