■ VBH Luxury, Incorporated, Appellant, v 940 Madison Associates, LLC, Respondent. (And a Third-Party Action.) [954 NYS2d 528]—

Order, Supreme Court, New York County (Debra A. James, J.), entered December 16, 2011, which, to the extent appealed from, denied plaintiff's motion for partial summary judgment as to liability, dismissing the affirmative defense of waiver, and declaring it the prevailing party under the lease, and granted defendant's cross motion for summary judgment dismissing the claims for consequential damages and lost profits and the cause of action for breach of the implied covenant of good faith and fair dealing, unanimously affirmed, without costs.

The lease exculpates the landlord from liability for lost rental value, and the lost profits claim for the new venture was speculative (see Digital Broadcast Corp. v Ladenburg, Thalmann & Co., Inc., 63 AD3d 647, 647-648 [1st Dept 2009], lv dismissed 14 NY3d 737 [2010]). Plaintiff failed to provide a basis for calculating lost profits with reasonable certainty based on known reliable factors (see Ashland Mgt. v Janien, 82 NY2d 395, 403 [1993]). There is no showing that plaintiff ever made a profit. The breach of the implied covenant of good faith cause of action is duplicative of the breach of contract cause of action (see Amcan Holdings, Inc. v Canadian Imperial Bank of Commerce, 70 AD3d 423, 426 [1st Dept 2010], lv denied 15 NY3d 704 [2010]).

Issues of fact exist as to defendant's alleged refusal to sign a signage permit and failure to remove a Landmarks Commission violation. Defendant's liability for damage from leaky pipes is disclaimed in the lease; the disclaimer is not inconsistent with defendant's maintenance obligation, and does not render that obligation meaningless.

The motion court correctly denied, sub silentio, plaintiff's motion as to attorney's fees as the prevailing party under the lease. Plaintiff was not victorious and did not obtain relief (see 542 E. 14th St. LLC v Lee, 66 AD3d 18, 24-25 [1st Dept 2009]).

We have considered plaintiff's other contentions and find them unavailing. Concur—Tom, J.P., Saxe, Richter, Abdus-Salaam and Feinman, JJ.