■ ERC 16W LIMITED PARTNERSHIP, Appellant, v XANADU MEZZ HOLDINGS LLC et al., Respondents. [18 NYS3d 853]—

Order, Supreme Court, New York County (Marcy S. Friedman, J.), entered January 15, 2015, which granted defendants' motion to dismiss plaintiff's claim for consequential damages, unanimously affirmed, with costs.

Plaintiff seeks consequential damages, representing the amount of plaintiff's lost equity investment in a development project, arising out of defendant Xanadu Mezz Holdings LLC's (XMH) alleged breach of a loan agreement. The court correctly dismissed plaintiff's claim for consequential damages, because "the provisions in the [loan agreement] providing remedy for a default do not suggest or provide for such a heavy responsibility on the part of" defendants, and the evidence fails to show that such damages were foreseeable and contemplated by the parties before or at the time of the agreement's formation (*Kenford Co. v County of Erie*, 67 NY2d 257, 262 [1986]).

Although the remedies set forth in the loan agreement are not the exclusive remedies available to plaintiff in the event of a default (*see ERC 16W Ltd. Partnership v Xanadu Mezz Holdings LLC*, 95 AD3d 498, 500-501 [1st Dept 2012]), they are evidence that defendants did not "assume[ ] consciously" liability for plaintiff's entire equity investment in the event of XMH's default (*Kenford Co. v County of Erie*, 73 NY2d 312, 319 [1989]). With the remedy provisions of the loan agreement in place, providing for, among other things, termination and transfer of the defaulting participant's interest in the agreement (*see* 95 AD3d at 500-501), it was not foreseeable that plaintiff would lose its entire equity investment in the project upon XMH's default (*see Bi-Economy Mkt., Inc. v Harleysville Ins. Co. of N.Y.*, 10 NY3d 187, 192-193 [2008]).

Additionally, given that plaintiff seeks direct claims of only $23 million and that defendants were responsible for only a limited portion of the $1.015 billion loan, plaintiff's claim for consequential damages equaling its entire equity investment of $1.3 billion "is out of proportion to any liability contemplated by the contract" (*Joan Hansen & Co. v Everlast World's Boxing Headquarters Corp.*, 296 AD2d 103, 107 [1st Dept 2002]).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Mazzarelli, J.P., Renwick, Saxe and Moskowitz, JJ. **[Prior Case History: 46 Misc 3d 1210(A), 2015 NY Slip Op 50035(U).]**