Community Assn. of the E. Harlem Triangle, Inc. v Butts (2021 NY Slip Op 07503)





Community Assn. of the E. Harlem Triangle, Inc. v Butts


2021 NY Slip Op 07503


Decided on December 28, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: December 28, 2021

Before: Kern, J.P., Moulton, Mendez, Shulman, Higgitt, JJ. 


Index No. 656028/18 Appeal No. 14916 Case No. 2020-03456 

[*1]The Community Association of the East Harlem Triangle, Inc., et al., Plaintiffs-Respondents,
v
Reverend Dr. Calvin O. Butts III, et al., Defendants-Appellants, Charles Simpson et al., Defendants.


Gordon & Rees, Scully Mansukhani LLP, New York (Jared Mogil of counsel), for Reverend Dr. Calvin O Butts III, James Howard and Abyssinian Development Corporation, appellants.
Landy Wolf PLLC, New York (David A. Wolf of counsel), for Victor Sozio and Ariel Property Advisors, LLC, appellants.
Richter Restrepo PLLC, New York (Reginald Richter of counsel), for respondents.



Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about June 29, 2020, which, to the extent appealed from as limited by the briefs, denied defendants-appellants' (defendants) motions to dismiss the complaint as against them, unanimously modified, on the law, to grant the motions as to the cause of action for conspiracy, and otherwise affirmed, without costs.
The motion court correctly concluded that plaintiffs, who brought this claim derivatively on behalf of East Harlem Abyssinian Triangle Corporation (EHAT Corp.), adequately pleaded all fraud claims against defendants Reverend Dr. Calvin O. Butts III, James Howard, and Abyssinian Development Corporation (ADC) (collectively, the ADC defendants) and Ariel Property Advisors LLC (Ariel) and Victor Sozio (together, the Broker defendants).
The amended complaint alleges that Integrated Urban Holdings, LLC (Integrated) and Peebles Corp. (Peebles) jointly submitted an offer to buy the property at issue for $42 million and that defendants concealed that offer from EHAT Corp.'s board of directors and convinced a majority of the board to vote to approve the sale of the property to Extell Development Company (Extell) for $39 million. Plaintiffs allege that EHAT Corp. suffered damages in the amount of the $3 million difference or the difference between the value of the property at the time of the sale and the $39 million purchase price paid by Extell.
Plaintiffs adequately pleaded nonspeculative damages, and their claims are not barred by the out-of-pocket rule (see Lama Holding Co. v Smith Barney, 88 NY2d 413, 421 [1996]). Plaintiffs allege that a specific alternative offer for the property for $3 million more was made at around the same time as the Extell offer, that the higher offer was concealed from them, and that they had unknowingly passed on that offer in approving the $39 million sale (see Bernstein v Kelso & Co., 231 AD2d 314, 322 [1st Dept 1997]; People v Coventry First LLC, 52 AD3d 345, 346 [1st Dept 2008], affd on other grounds 13 NY3d 108 [2009]; Connaughton v Chipotle Mexican Grill, Inc., 29 NY3d 137, 141-143 [2017]). The alternative Integrated/Peebles offer of $42 million and the term sheet conditions had been agreed to, and thus did not amount to mere speculative damages. The agreement was never memorialized in a contract because defendant Charles Simpson, EHAT Corp.'s lawyer, allegedly colluded with the other defendants to steer the sale to Extell, and never drafted and delivered a contract to Peebles's principal.
The motion court correctly concluded that the amended complaint sufficiently pleaded intent to defraud by the ADC defendants. The amended complaint alleges that Butts and Howard, as officers and board members of EHAT Corp. and ADC, worked together on the sale of the property; that Howard personally heard Simpson mispresent at the March 24, 2014 board meeting that there were no offers other than Extell's; that Butts was sent the Integrated/Peebles offer[*2]; and that they communicated with one another concerning the Integrated/Peebles offer. The ADC defendants' argument that any fraudulent intent on their part is nonsensical because they too stood to gain from the sale of the property and, in any event, unavailing at this juncture in the absence of any explanation as to why they would accept the lower offer without disclosing the Integrated/Peebles offer to the board (see Pludeman v Northern Leasing Sys., Inc., 10 NY3d 486, 491 [2008]; see Bernstein, 231 AD2d at 321-322; Houbigant, Inc. v Deloitte & Touche, 303 AD2d 92, 98 [1st Dept 2003]).
The amended complaint also adequately pleads aiding and abetting fraud claims against Butts, including his actual knowledge of ADC's fraudulent concealment of the Integrated/Peebles offer (see Oster v Kirschner, 77 AD3d 51, 55 [1st Dept 2010]). Although Butts was not present at the meeting where Simpson represented there were no offers other than Extell's, the amended complaint alleges that Butts was ADC chairman and thus supervisor of Howard, who attended the relevant board meetings, and that Butts took the lead role with Howard in managing the sale of the property. Further, the Peebles/Integrated offer was sent directly to Butts, and he and the other defendants shared information concerning the offer with each other.
The court correctly declined to dismiss the causes of action for aiding and abetting fraud and breach of fiduciary duty against the Broker defendants. The amended complaint pleads substantial assistance by the Broker defendants, who were present at the relevant meetings to discuss the sale, had a duty to disclose the Peebles/Integrated offer, or Simpson's misrepresentation to the board, and that EHAT Corp.'s board relied on their expertise.
Based on plaintiffs' sufficiently pleaded fraud claims against the ADC defendants, the motion court correctly concluded that dismissal based on the business judgment rule would be premature (S.H. and Helen R. Scheuer Family Found. v 61 Assoc., 179 AD2d 65, 69-70 [1st Dept 1992]; Bryan v West 81 St. Owners Corp., 186 AD2d 514, 515 [1st Dept 1992]; see Auerbach v Bennett, 47 NY2d 619, 629-631 [1979]).
The court properly concluded that the adverse interest exception to the in pari delicto doctrine applies. Drawing all inferences in plaintiffs' favor, we find that it is sufficiently alleged that defendants totally abandoned EHAT Corp.'s interests and defrauded it out of $3 million on the sale, which harmed EHAT Corp., and that ADC defendants were acting entirely for their own purpose in steering the sale to Extell rather than to Peebles/Integrated (see Kirschner v KPMG LLP, 15 NY3d 446, 464-467 [2010]).
The conspiracy claim does not connect any defendants not already alleged to have committed the primary underlying fraud, and it should have been dismissed as redundant of the numerous claims for aiding and abetting fraud and aiding and abetting breach of fiduciary duty (American Baptist Churches of Metro. [*3]N.Y. v Galloway, 271
AD2d 92, 101 [1st Dept 2000]).
We have considered defendants' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 28, 2021