ABN AMRO Capital USA LLC v AMERRA Capital Mgt., LLC (2022 NY Slip Op 07178)

ABN AMRO Capital USA LLC v AMERRA Capital Mgt., LLC

2022 NY Slip Op 07178

Decided on December 20, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 20, 2022

Before: Kern, J.P., Friedman, Gesmer, González, Mendez, JJ. 

Index No. 651148/19 Appeal No. 16922 Case No. 2022-03300 

[*1]ABN AMRO Capital USA LLC et al., Plaintiffs-Appellants-Respondents,
v
AMERRA Capital Management, LLC, et al., Defendants-Respondents-Appellants.

Reid Collins & Tsai LLP, New York (Rachel S. Fleishman of counsel), for appellants-respondents.
Selendy Gay Elsberg PLLC, New York (Faith E. Gay of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Andrea Masley, J.), entered on or about July 5, 2022, which, insofar as appealed from as limited by the briefs, granted defendants' motion to dismiss as to the conspiracy to commit fraud and breach of the implied covenant of good faith and fair dealing claims and the request for consequential damages on the breach of contract claims, and denied the motion as to the fraudulent inducement, aiding and abetting fraud, and unjust enrichment claims, unanimously modified, on the law, to clarify that recovery of unpaid loan amounts on the breach of contract claim is barred as consequential damages, and otherwise affirmed, without costs.
The claim for conspiracy to commit fraud was properly dismissed as duplicative of the aiding and abetting fraud claim, as it "does not connect any defendants not already alleged to have committed the primary underlying fraud" (Community Assn. of the E. Harlem Triangle, Inc. v Butts, 200 AD3d 599, 601 [1st Dept 2021]; see also American Baptist Churches of Metro. N.Y. v Galloway, 271 AD2d 92, 101 [1st Dept 2000]).
The motion court appears to have held that plaintiffs were contractually barred from seeking consequential damages, without deciding whether the specific damages sought were consequential in nature. We find that recovery from defendants of the outstanding balance of plaintiffs' loans to Transmar Commodity Group Ltd. would constitute consequential damages. The final sentence of § 18 of the relevant subordination agreements does not create an exemption to the consequential damages bar for unpaid loan amounts, at least not when sought to be recovered from parties other than the ones contractually obligated to pay the loans (i.e., Transmar). The subordination agreements also "do not suggest or provide for such a heavy responsibility on the part of defendants, and the evidence fails to show that such damages were foreseeable and contemplated by the parties before or at the time of the agreement[s'] formation" (ERC 16W L.P. v Xanadu Mezz Holdings LLC, 133 AD3d 444, 444 [1st Dept 2015] [internal quotation marks omitted]).
The breach of the implied covenant of good faith and fair dealing claim was properly dismissed "because it is premised on the same conduct that underlies the breach of contract" claim and seeks (a subset of) the same damages (MBIA Ins. Corp. v Merrill Lynch, 81 AD3d 419, 419-420 [1st Dept 2011]).
The fraudulent inducement claim was properly sustained (see generally Connaughton v Chipotle Mexican Grill, Inc., 135 AD3d 535, 537 [1st Dept 2016], affd 29 NY3d 137 [2017]). Plaintiffs sufficiently alleged that § 4 of the 2016 subordination agreement was false because Transmar owed defendants more than $10 million as a result of the 2014 transaction loans. Although defendants are correct that § 4 makes representations only as to the debt of Transmar, plaintiffs sufficiently alleged that Transmar was the de facto obligor on the 2014 transaction loans. Plaintiffs also sufficiently [*2]alleged reasonable reliance. The documents relied on by defendants do not conclusively establish that plaintiffs knew or should have known the relevant facts prior to execution of the 2016 subordination agreement. The fraudulent inducement claim is also not duplicative of the breach of contract claim, as the damages sought are no longer the same in view of our dismissal of the request for unpaid loan amounts above (see generally MaÑas v VMS Assoc., LLC, 53 AD3d 451, 453-454 [1st Dept 2008]).
The aiding and abetting fraud claim was properly sustained (see generally Stanfield Offshore Leveraged Assets, Ltd. v Metropolitan Life Ins. Co., 64 AD3d 472, 476 [1st Dept 2009], lv denied 13 NY3d 709 [2009]). Plaintiffs sufficiently alleged that defendants affirmatively assisted and helped conceal Transmar's fraud by helping to devise and execute transactions for the purpose of secretly inflating Transmar's financials (see Silvercreek Mgt. v Citigroup, Inc., 346 F Supp 3d 473, 491-492 [SD NY 2018]; JP Morgan Chase Bank v Winnick, 406 F Supp 2d 247, 257 [SD NY 2005]). It is not clear as a matter of law that defendants' conduct was too attenuated from the harm to plaintiffs to be a proximate cause thereof.
The unjust enrichment claim was properly sustained (see generally Schroeder v Pinterest Inc., 133 AD3d 12, 26 [1st Dept 2015]). Plaintiffs sufficiently alleged that they had a preexisting right to the money paid to defendants on the 2014 transaction loans. The unjust enrichment claim is also not duplicative of the breach of contract claim, because it was asserted only against the two defendant entities that were not parties to either subordination agreement and sought to recover only the monies paid thereto (see generally Pappas v Tzolis, 20 NY3d 228, 234 [2012]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 20, 2022