Citigroup Global Mkts. Inc. v SCIP Capital Mgt., LLC (2024 NY Slip Op 01249)

Citigroup Global Mkts. Inc. v SCIP Capital Mgt., LLC

2024 NY Slip Op 01249

Decided on March 07, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: March 07, 2024

Before: Oing, J.P., Moulton, Kapnick, Mendez, Shulman, JJ. 

Index No. 651031/19 Appeal No. 1819 Case No. 2023-04245 

[*1]Citigroup Global Markets Inc., et al., Plaintiffs/Counterclaim Defendants-Appellants-Respondents,
v
SCIP Capital Management, LLC, et al., Defendants/Counterclaim Plaintiffs-Respondents-Appellants.

Pillsbury Winthrop Shaw Pittman LLP, New York (James M. Catterson of counsel), for appellants-respondents.
Friedman Kaplan Seiler Adelman & Robbins LLP, New York (Robert S. Smith of counsel), for respondents-appellants.

Order, Supreme Court, New York County (Margaret A. Chan, J.), entered July 19, 2023, which, to the extent appealed from as limited by the briefs, denied plaintiffs/counterclaim defendants' (Citi) motion for summary judgment dismissing the counterclaim but held that defendants/counterclaim plaintiffs (Silverfern) were not entitled to consequential damages, unanimously affirmed, without costs.
Contrary to Citi's argument, its obligation under the parties' Distribution Agreement to use its best efforts to offer interests in Silverfern's investment partnerships to the equity club investors is enforceable. Section 1(a)(ii) of the Distribution Agreement, which contains that obligation, should be read in conjunction with section 1(c), which lists specific tasks Citi is supposed to perform. The cases Citi relies on involve best efforts clauses that more vague than the one here (see e.g. Timberline Dev. v Kronman, 263 AD2d 175, 176 [1st Dept 2000]).
Silverfern raised triable issues of fact as to whether Citi failed to use its best efforts. Contrary to Citi's contention, Silverfern submitted other evidence in addition to its expert's report and its expert did more than simply look at the number of emails sent by Citi bankers. Further, as to causation of damages, the fact that an equity club member would have no claim against Citi if an investment resulted in losses, since members confirmed that "[a]ny decision the Equity Club Member makes regarding a Transaction will be based solely upon [its] independent due diligence," does not mean that Citi's April 11, 2016 letter to the equity club, or other actions it took, had no influence on equity club members. On the contrary, there is evidence that Citi's endorsement of Silverfern was important to at least some members.
Citi, however, demonstrated prima facie that Silverfern is not entitled to consequential damages (see Datalot, Inc. v Winum Enters., LLC, 146 AD3d 653 [1st Dept 2017]). The Distribution Agreement does not mention consequential damages (see Digital Broadcast Corp. v Ladenburg, Thalmann & Co., Inc., 63 AD3d 647, 647 [1st Dept 2009], lv denied 14 NY3d 737 [2010]), nor is there evidence in the record that liability for lost profits was discussed during contract negotiations (Digital Broadcast Corp. v Ladenburg, Thalmann & Co., Inc., 2008 NY Slip Op 33451[U], *14 [Sup Ct, NY County 2008], affd 63 AD3d 647 [1st Dept 2009], lv denied 14 NY3d 737 [2010]). Further, section 7(c) of the Distribution Agreement — concerning the parties' rights and obligations upon complete termination of the agreement — does not provide for such a "heavy responsibility" on the part of Citi (ERC 16W L.P. v Xanadu Mezz Holdings LLC, 133 AD3d 444, 444 [1st Dept 2015] [internal quotation marks omitted]), even though it is not an exclusive remedy (see id.). In addition, Silverfern's claim for consequential damages "is out of proportion to any liability contemplated by the contract" (id. [internal quotation marks omitted]).
In [*2]opposition, Silverfern failed to raise an issue of fact. While the parties to the Distribution Agreement foresaw future clubs, there is no indication that successor clubs or future funds formed the basis for the original equity club (see Kenford Co. v County of Erie, 73 NY2d 312, 320 [1989]). In addition, Silverfern's damages expert's estimate of losses from successor clubs and future funds failed to meet "the requirement of reasonable certainty," as "it rested on a host of speculative assumptions and few known factors" (Ashland Mgt. v Janien, 82 NY2d 395, 405 [1993], citing Kenford Co. v County of Erie, 67 NY2d 257, 262 [1986]; see also PIA Invs. v UBS Sec., 211 AD2d 599 [1st Dept 1995], affd 86 NY2d 812 [1995]).
We have considered the parties' remaining contentions and find them unavailing.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: March 7, 2024