Schwartz v 170 W. End Owners Corp. (2024 NY Slip Op 01884)

Schwartz v 170 W. End Owners Corp.

2024 NY Slip Op 01884

Decided on April 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 04, 2024

Before: Kern, J.P., González, Pitt-Burke, Rosado, JJ. 

Index No. 102124/15 Appeal No. 1986 Case No. 2023-00664 

[*1]Martha Schwartz, Plaintiff-Appellant,
v
170 West End Owners Corp., Defendant-Respondent, ACP Realty Group Inc., Defendant.

The Linden Law Group, P.C., New York (Jeffrey Benjamin of counsel), for appellant.
Milber Makris Plousadis & Seiden, LLP, Woodbury (Patrick F. Palladino of counsel), for respondent.

Order, Supreme Court, New York County (Richard Latin, J.), entered on or about January 13, 2023, which granted defendant's motion to reargue, and upon reargument, granted defendant's motion for summary judgment dismissing the nuisance and negligence claims in the amended complaint, unanimously affirmed, without costs.
Supreme Court providently exercised its discretion in granting defendant cooperative corporation's motion to reargue, and upon reargument, dismissing plaintiff's nuisance and negligence claims (CPLR 2221[d]).
The court properly dismissed plaintiff's claims for personal injuries arising out of the negligence and nuisance claims. As we previously held in a decision affirming the grant of summary judgment dismissing the complaint against a prior defendant, plaintiff failed to present evidence sufficient to raise a triable issue of fact as to whether her medical problems were caused by any conditions in her apartment (Schwartz v 170 W. End Owners Corp., 161 AD3d 693, 693 [1st Dept 2018]). Plaintiff has not supplemented the record with an expert report or sworn statement from her physicians "to produce some evidence of a causal connection" linking the conditions in the building to plaintiff's adverse health condition (see Kent v 534 E. 11th St., 80 AD3d 106, 114 [1st Dept 2010]). We also agree with the motion court that plaintiff may not seek to recover damages for her nonparty daughter's injuries (see e.g. Digital Broadcast Corp. v Ladenburg, Thalmann & Co., Inc., 63 AD3d 647, 648 [1st Dept 2009], lv denied 14 NY3d 737 [2010]).
The court also properly dismissed any claims for property damage or any other damages arising from the negligence and nuisance claims. As the Housing Court found in an August 5, 2015 order, plaintiff failed to provide factual support for her assertion that the conditions on the building's roof were not addressed as required by the terms of a June 2, 2015 so-ordered stipulation. The record evidence supported the Housing Court's finding and we agreed with the determination that plaintiff's claim that the problems on the roof were not addressed was baseless (Schwartz, 161 AD3d at 693). Plaintiff failed to rebut defendant's evidence that they did, in fact, perform the required
work. As such, any claims relating to the conditions on the building's roof were properly dismissed.
We have considered plaintiff's remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 4, 2024