Citigroup Global Mkts. Inc. v SCIP Capital Mgt., LLC (2026 NY Slip Op 00081)

Citigroup Global Mkts. Inc. v SCIP Capital Mgt., LLC

2026 NY Slip Op 00081

Decided on January 13, 2026

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 13, 2026

Before: Manzanet-Daniels, J.P., Kapnick, Rosado, Michael, Hagler, JJ. 

Index No. 651031/19|Appeal No. 5573-5574|Case No. 2025-03101, 2025-01507|

[*1]Citigroup Global Markets Inc., et al., Respondents,
vSCIP Capital Management, LLC et al., Appellants.

Shiro Harrison & Nelson, New York (Shomik Ghosh and Joseph M. Esposito of counsel), for appellants.
Dewey Pegno & Kramarsky LLP, New York (Thomas E.L. Dewey of counsel), for respondents.

Judgment, Supreme Court, New York County (Margaret A. Chan, J.), entered May 1, 2025, which, to the extent appealed from as limited by the briefs, after a nonjury trial, awarded plaintiffs $8,853,952 plus prejudgment interest and dismissed SCIP Capital Management and The Silverfern Group, Inc.'s (defendants) counterclaim for breach of contract, and bringing up for review an order, same court (O. Peter Sherwood, J.), entered on or about December 13, 2019, which partially granted plaintiffs' motion to dismiss defendants' counterclaims, unanimously affirmed, with costs. Appeal from order, same court and Justice, entered on or about February 27, 2025, which directed entry of the aforesaid judgment, unanimously dismissed, without costs, as subsumed in the appeal from the judgment.
This appeal arises from a dispute concerning a private equity club formed pursuant to the parties' Distribution Agreement, dated January 12, 2012, which culminated in an eight-day nonjury trial. Defendants did not demonstrate at trial that plaintiffs breached the Distribution Agreement. The trial court correctly interpreted the plain language of the provision describing "Investment Partnerships" and "Transactions" as those offered to members of the parties' "equity club" only (see Global Reins. Corp. of Am. v Century Indem. Co., 30 NY3d 508, 518 [2017] [an agreement must be "read as a whole, and every part will be interpreted with reference to the whole"] [internal quotation marks omitted]). Thus, plaintiffs' April 2016 letter discussing defendants' marketing of other investment vehicles that were outside of the equity club did not require defendants' prior written consent under section 1(c)(A) of the agreement.
Further, defendants' contention that the April 2016 letter to their investors and certain other internal communications by plaintiffs in 2016 and 2017 reflected breaches of plaintiffs' best-efforts obligation under section 1(a) is belied by the record. On an earlier appeal in this matter, we found that the best-efforts clause under section 1(a), as defined by section 1(c), was sufficiently specific to be enforceable (Citigroup Global Mkts. Inc. v SCIP Capital Mgt., LLC, 225 AD3d 420, 421 [1st Dept 2024]). The trial record establishes by a preponderance of the evidence that plaintiffs adequately performed their obligations under this provision, and that the communications at issue reflected plaintiffs' "exercise of good faith business judgment" to avoid violating the law in jurisdictions with heightened regulatory protections (Digital Broadcast Corp. v Ladenburg, Thalmann & Co., Inc., 63 AD3d 647, 647 [1st Dept 2009], lv denied 14 NY3d 737 [2010]).
On the other hand, plaintiffs established at trial all the elements of their breach of contract claim. After plaintiffs fully performed under the Distribution Agreement, defendants breached the agreement by failing to pay the Incentive Fees and Placement Fees that were due. The trial court therefore correctly awarded damages to plaintiffs in the amount stipulated by the parties before trial.
Finally, we reject defendants' attempt to revive their counterclaims for breach of the implied covenant of good faith and fair dealing, negligent misrepresentation, fraud, and tortious interference with prospective business relations, which were properly dismissed at the pleadings stage six years ago.
We have considered defendants' remaining contentions and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDEROF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 13, 2026