■ GLYNWILL INVESTMENTS, N.V., Appellant, v SHEARSON LEHMAN HUTTON, INC., Respondent. [628 NYS2d 71] —Order, Supreme Court, New York County (Ira Gammerman, J.), entered on October 31, 1994, which granted defendant's motion pursuant to CPLR 3212 for summary judgment dismissing the complaint and denied plaintiff's cross-motion for partial summary judgment and to amend the caption of this action, unanimously modified, on the law, on the facts, and in the exercise of discretion, to deny defendant's motion, and to permit plaintiff to amend its caption, and otherwise affirmed, without costs.

Summary judgment should not have been granted to defendant because the proper construction of the 1987 release was resolved in a prior order of the Supreme Court, New York County (Carmen Beauchamp Ciparick, J.), entered on or about March 27, 1991, from which no appeal was taken. This ruling, which construed the release to have a limited effect, in accordance with the doctrine of *ejusdem generis*, was the law of the case, and should not have been relitigated (*Karasik v Karasik*, 172 AD2d 294; *Stroock & Stroock & Lavan v Beltramini*, 157 AD2d 590, 591). Applying the prior construction to the instant complaint, plaintiff is restricted to advancing claims that were unknown and could not have been determined with due diligence when the parties entered into the settlement agreement, only insofar as such claims are based upon one or more of the nine listed accounts and concerning the $10.6 million demand.

Because there are sharply disputed factual issues, summary judgment is inappropriate. Plaintiff is granted leave to amend its caption to substitute Lehman Brothers Holdings, Inc., as the defendant herein. Concur—Rosenberger, J. P., Rubin, Kupferman, Nardelli and Tom, JJ.