■ JEANNE M. DUMONT, Respondent, v P. S. GRISWOLD COMPANY, INC., et al., Appellants. [667 NYS2d 801] —White, J. Appeal from an order of the Supreme Court (Relihan, Jr., J.), entered December 11, 1996 in Tompkins County, which denied defendants' motions for summary judgment dismissing the complaint.

On January 15, 1992, defendant P. S. Griswold Company, Inc. (hereinafter Griswold) was constructing handicap access ramps for a building located in the City of Ithaca, Tompkins County, that was owned by defendant Ithaca Neighborhood Housing Services (hereinafter INHS). Around 8:00 P.M. on that day, plaintiff fell in the building's parking lot when her feet became entangled in a yellow plastic filament/band that is commonly used to bind packages. Thereafter, she commenced this negligence action against defendants. We must now determine whether Supreme Court's denial of defendants' motions for summary judgment was proper.

To prevail on their motions defendants were required to establish that they neither created the allegedly dangerous condition nor had actual or constructive notice of it, thus showing that the cause of action has no merit (*see, GTF Mktg. v Colonial Aluminum Sales*, 66 NY2d 965, 967; *Dapp v Larson*, 240 AD2d 918; *Bernard v Waldbaum, Inc.*, 232 AD2d 596). INHS supported its motion with the pretrial depositions of its deputy director and its maintenance specialist. They testified that prior to plaintiff's fall they had received no complaints regarding falls in the parking lot or concerning construction debris in the lot. They further testified that they had never seen the yellow filament that caused plaintiff's fall. Griswold's project supervisor testified that he had seen filaments resembling the yellow filament on United Parcel Service (hereinafter UPS) trucks and in stores like Grossmans, but that he had not seen a yellow filament at the job site or at Griswold's place of business. Further, he testified that he had never used any materials at the job site that were bound with yellow filament and that Griswold cleaned up the job site every day, putting the debris in a dumpster.

Because Griswold received shipments from UPS and did

business with Grossmans, Supreme Court determined that there was a question of fact as to whether the yellow filament came from construction materials brought to the site for use by Griswold and whether the filament was left on the site by Griswold at the end of the workday on January 15, 1992. We disagree with Supreme Court's analysis. In cases founded on circumstantial evidence, the trier of fact must reach its conclusions based upon logical inferences drawn from the evidence, not upon speculation (*see, Bradish v Tank Tech Corp.*, 216 AD2d 505, 506). To infer that Griswold created the dangerous condition in the parking lot from the supervisor's general observations and Griswold's dealings with UPS and Grossmans, without proof that these entities sold or delivered materials bound with yellow filament to Griswold, is purely speculative (*compare, Warren v Wilmorite, Inc.*, 211 AD2d 904, 906). With respect to INHS, there is no evidence, direct or circumstantial, that it created the dangerous condition.

Turning to the issue of notice, plaintiff makes no claim that defendants had actual notice of the presence of the yellow filament. Nor can it be said that they had constructive notice as there is no record evidence regarding the length of time the filament was present in the parking lot prior to plaintiff's fall (*see, Lottie v Edwards-Knox Cent. School Dist.*, 235 AD2d 678). Moreover, a " 'general awareness' " that there may have been construction debris in the parking lot is insufficient to constitute notice of the presence of the yellow filament (*Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969). Consequently, for these reasons, Supreme Court erred in denying defendants' motions.

Mikoll, J. P., Mercure, Crew III and Yesawich Jr., JJ., concur. Ordered that the order is reversed, on the law, with one bill of costs, motions granted, summary judgment awarded to defendants and complaint dismissed.