■ ARCELA FRANKIE, Appellant, v GLEN COVE HOUSING AUTHORITY, Defendant and Third-Party Plaintiff-Respondent-Appellant. AMERICAN INTERNATIONAL ADJUSTMENT COMPANY, INC., Third-Party Defendant; NATIONAL UNION FIRE INSURANCE COMPANY, Third-Party Defendant-Respondent. [714 NYS2d 749] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order and judgment (one paper) of the Supreme Court, Nassau County (Joseph, J.), entered April 26, 1999, as granted the motion of the defendant third-party plaintiff for summary judgment dismissing the complaint, and the defendant third-party plaintiff separately appeals, as limited by its brief, from so much of the order and judgment as granted that branch of the motion of the third-party defendants which was for summary judgment dismissing the third-party complaint insofar as asserted against the third-party defendant-respondent, National Union Fire Insurance Company, and declared that the third-party defendant-respondent was not obligated to defend or indemnify the defendant third-party plaintiff in the underlying personal injury action.

Ordered that the order and judgment is affirmed insofar as appealed and cross-appealed from; and it is further,

Ordered that the third-party defendant-respondent is awarded one bill of costs payable by the appellant.

The plaintiff allegedly slipped down three stairway steps in a building owned by the defendant third-party plaintiff, the Glen Cove Housing Authority (hereinafter the GCHA). The plaintiff testified at her deposition that after her fall she saw a yellow bubbly liquid on the steps, but she did not see the liquid on the steps before her fall, or on any date prior thereto. The plaintiff did not see anyone mopping the floor before her fall, but stated

that an employee of the GCHA was "supposed" to mop that day. Three days after the accident, a man who lived in another building told her that the yellow liquid she slipped on was used by the GCHA in its floor-washing machine. In her affidavit in opposition to the GCHA's motion for summary judgment, the plaintiff added, based on her "personal knowledge of the maintenance and cleaning operations of" the building, that the stairway was scheduled to be mopped by a GCHA employee on the day of her fall.

Based on this evidence, the Supreme Court properly granted the motion of the GCHA for summary judgment. After the GCHA made out a prima facie case for summary judgment, the plaintiff's circumstantial evidence, which in part contained inadmissible hearsay, failed to establish the existence of an issue of fact from which the negligence on the part of the GCHA could be inferred (*see, Gomes v Courtesy Bus Co.,* 251 AD2d 625; *Dumont v Griswold Co.,* 246 AD2d 879; *Bradish v Tank Tech Corp.,* 216 AD2d 505; *Morales v Foodways, Inc.,* 186 AD2d 407). The plaintiff's claim that the GCHA created the condition was based on mere speculation.

In light of this determination, the claim raised on the appeal by the GCHA concerning its right to indemnification from its insurer, the third-party defendant-respondent, National Union Fire Insurance Company, is academic. Moreover, the Supreme Court properly determined that the third-party defendant-respondent had no obligation to defend the GCHA in the underlying personal injury action. The GCHA failed to meet its burden of demonstrating a reasonable excuse for its delay in giving notice of the plaintiff's claim to its insurer (*see, Smalls v Reliable Auto Serv.,* 205 AD2d 523, 524). Mangano, P. J., S. Miller, Friedmann and Feuerstein, JJ., concur.