■ EDWARD AMATO et al., Respondents, v PATHMARK, INC., Doing Business as PATHMARK OF BORO PARK, Appellant, et al., Defendants. [734 NYS2d 868] —In an action to recover damages for personal injuries, etc., the defendant Pathmark, Inc., d/b/a Pathmark of Boro Park, appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered July 11, 2000, as, upon a jury verdict, is in favor of the plaintiff Edward Amato and against it in the principal sum of $5,000. The notice of appeal from an order of the same court entered November 18, 1999, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

■ EDWARD AMATO et al., Appellants, v PATHMARK, INC., Doing Business as PATHMARK OF BORO PARK, Respondent, et al., Defendants. [734 NYS2d 868] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal (1) from an order of the Supreme Court, Kings County (Held, J.), dated April 5, 2000, which denied their motion pursuant to CPLR 4404 to

set aside, on the ground of inadequacy, the verdict on the issue of damages, and (2), as limited by their brief, on the ground of inadequacy, from so much of a judgment of the same court, entered July 11, 2000, as awarded them only $5,000 against Pathmark, Inc., d/b/a Pathmark of Boro Park.

Ordered that the appeals are dismissed, with one bill of costs.

The appeal from the intermediate order must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (*see, Matter of Aho,* 39 NY2d 241, 248).

The plaintiffs' appeal from the judgment is academic, in light of our determination on the appeal from the judgment by the defendant Pathmark, Inc., d/b/a Pathmark of Boro Park, in *Amato v Pathmark, Inc.* (289 AD2d 348 [decided herewith]). Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.