■ EDWARD AMATO et al., Respondents, v PATHMARK, INC., Doing Business as PATHMARK OF BORO PARK, Appellant, et al., Defendants. [734 NYS2d 868] —In an action to recover damages for personal injuries, etc., the defendant Pathmark, Inc., d/b/a Pathmark of Boro Park, appeals, as limited by its brief, from so much of a judgment of the Supreme Court, Kings County (Held, J.), entered July 11, 2000, as, upon a jury verdict, is in favor of the plaintiff Edward Amato and against it in the principal sum of $5,000. The notice of appeal from an order of the same court entered November 18, 1999, is deemed to be a premature notice of appeal from the judgment (*see,* CPLR 5520 [c]).

Ordered that the judgment is reversed insofar as appealed from, on the law, with costs, the complaint is dismissed insofar as asserted against the appellant, and the action against the remaining defendants is severed.

The plaintiff Edward Amato was allegedly injured when he slipped in a puddle of water in the aisle of a supermarket operated by the defendant Pathmark, Inc., d/b/a Pathmark of Boro Park (hereinafter Pathmark). The plaintiffs' theory of liability, that the puddle was left by the appellant's floor-cleaning crew, is without merit. The statement of the plaintiffs' expert that "the most probable source" of the water was negligent floor cleaning is pure speculation (*see, Frankie v Glen Cove Hous. Auth.,* 276 AD2d 668). Accordingly, the judgment against Pathmark is reversed, the complaint is dismissed insofar as asserted against it, and the action against the remaining defendants is severed. Goldstein, J. P., McGinity, H. Miller and Townes, JJ., concur.