■ CHONG MIN MUN, Respondent, et al., Plaintiff, v SOUNG EUN HONG, Appellant. [971 NYS2d 293]—

Order, Supreme Court, New York County (Richard B. Lowe, III, J.), entered December 17, 2010, which denied defendant's second motion for summary judgment dismissing the complaint, unanimously modified, on the law, to dismiss so much of the complaint as is based on defendant's alleged conspiracy with Daniel Lee, and otherwise affirmed, without costs.

"As a general rule, parties will not be permitted to make successive fragmentary attacks upon a cause of action but must assert all available grounds when moving for summary judgment" (*Debevoise & Plimpton LLP v Candlewood Timber Group LLC*, 102 AD3d 571, 572 [1st Dept 2013] [internal quotation marks and emendation omitted]). Defendant has not demonstrated that any of the exceptions to this rule apply to his arguments that a June 10, 2005 sale and purchase agreement superseded a June 2, 2005 memorandum of understanding (MOU), that he did not prevent plaintiff from redeeming certain real property

known as Seoul Plaza on August 18, 2005, and that even if he did, that does not state a cause of action. Furthermore, we disagree with defendant's contentions that plaintiff (1) conceded that the June 10 agreement superseded the June 2 MOU because he did not oppose this argument below and (2) abandoned his argument that defendant thwarted his attempt to redeem Seoul Plaza because he did not oppose it on appeal.

Defendant may raise the argument that plaintiff failed to submit evidence in admissible form that would raise a triable issue of fact as to whether defendant conspired with Lee. The IAS court denied defendant's first summary judgment motion because Lee's deposition had not been completed and the deposition of Hong K. Jung (also known as Henry Jung) had not been taken. After those depositions were taken, defendant properly made his second summary judgment motion (*see Freeze Right Refrig. & A.C. Servs. v City of New York*, 101 AD2d 175, 181 [1st Dept 1984]).

The "evidence" that plaintiff submitted in opposition to defendant's motion was either inadmissible—such as newspaper articles (*see Young v Fleary*, 226 AD2d 454, 455 [2d Dept 1996]), a transcript of an interview that was not notarized (*see Rue v Stokes*, 191 AD2d 245, 246-247 [1st Dept 1993]), and an alleged statement by Jung about what some unidentified man told him—or failed to raise an issue of fact as to whether defendant told Lee how much plaintiff would bid for Seoul Plaza at a public auction on August 19, 2005, thus enabling Lee to make a higher, winning bid. The fact that Lee and defendant were social acquaintances does not create an issue of fact as to whether they conspired to acquire Seoul Plaza (*see Murray v North Country Ins. Co.*, 277 AD2d 847, 850 [3d Dept 2000]). Plaintiff's circumstantial evidence that defendant had an interest in Seoul Plaza in October 2005 does not raise an issue of fact as to whether defendant leaked plaintiff's bid to Lee before August 19, 2005 (*see generally Frankie v Glen Cove Hous. Auth.*, 276 AD2d 668, 669 [2d Dept 2000]). Plaintiff's claim that defendant was the only person who knew that plaintiff would be attending the auction with only $2 million to bid is belied by his own affidavit, which shows that another person (nonparty Jin Soo Kim, also known as Gene J.S. Kim) also knew this (*see Freeze Right*, 101 AD2d at 186). Concur—Friedman, J.P., Freedman, Richter, Feinman and Gische, JJ.