■ DATALOT, INC., Plaintiff/Defendant-Appellant, v WINUM ENTERPRISES, LLC, Doing Business as LEADS 2 PROFITS, Defendant/Plaintiff-Respondent. [46 NYS3d 39]—

Order, Supreme Court, New York County (Carol R. Edmead, J.), entered on or about March 14, 2016, which denied plaintiff's motion to limit the scope of damages recoverable by defendant on its counterclaim for breach of contract, unanimously affirmed, without costs.

Plaintiff's argument that paragraph 10 of the parties' agreement, "Warranty/Limitation of Liability," unambiguously precludes defendant from recovering damages for lost profits on any potential claim was rejected in a prior order, from which no appeal was taken, in which the motion court found the provision ambiguous as to whether the limitation of liability was limited to breach of warranty or applied to any cause of action, and the issue may not be relitigated (*Glynwill Invs. v Shearson Lehman Hutton*, 216 AD2d 78 [1st Dept 1995]).

Plaintiff's argument that the motion court erroneously imposed upon it the burden of proving that an award of lost profits was not fairly within the contemplation of the parties when the agreement was made is without merit (*see Awards.com v Kinko's, Inc.*, 42 AD3d 178, 183 [1st Dept 2007], *lv dismissed* 9 NY3d 1025 [2008]). Plaintiff bore the burden of making its prima facie case on its own motion. The court's ruling is not irreconcilable with defendant's bearing the burden of proof at trial. In any event, the agreement explicitly mentions lost profits, thereby establishing that lost profits were within the contemplation of the parties when the agreement was entered into (*see Ashland Mgt. v Janien*, 82 NY2d 395 [1993]). Plaintiff's argument that damages for lost profits are purely speculative was rejected by the court in the prior order (*see Glynwill*, 216 AD2d at 79).

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Sweeny, J.P., Renwick, Andrias, Kahn and Gesmer, JJ.