## Celik v City of New York

2024 NY Slip Op 30528(U)

February 20, 2024

Supreme Court, New York County

Docket Number: Index No. 151235/2014

Judge: Hasa A. Kingo

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT:          HON. HASA A. KINGO          PART          05M

*Justice*

-------------------------------------------------------------------------X

GULNAR CELIK, KADIR BENJAMIN CELIK

                    Plaintiff,

          - v -

THE CITY OF NEW YORK,

                    Defendant.

-------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 151235/2014 |
| MOTION DATE | 10/13/2023 |
| MOTION SEQ. NO. | 002 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 002) 35, 36, 37, 38, 39, 40, 41, 42, 43, 44, 45, 46, 47, 48, 49, 50, 51, 52, 53, 54

were read on this motion to                 EXTEND - TIME             .

Upon the forgoing documents, plaintiffs Gulnar Celik and Kadir Benjamin Celik ("Plaintiffs") move pursuant to CPLR § 2004 to extend their time to file the note of issue. Defendant the City of New York ("Defendant") opposes. Upon review of the motion papers, procedural history, and following oral argument held on February 20, 2024, the motion is denied.

## Background

On February 11, 2014, Plaintiffs commenced this action by filing a summons and complaint to recover for injuries allegedly sustained by plaintiff Gulnar Celik ("Gulnar") when she was caused to trip and fall over a metal police barricade/barrier and injure herself while lawfully traversing westward along the street/sidewalk on the south side of West 48th Street, between 64 West 48th Street and the Southeast corner of West 48th Street and 6th Avenue, New York, New York. Issue was joined on February 25, 2015 with service of Defendant's answer. The parties then engaged in discovery practice.

On April 6, 2023, Plaintiffs filed a motion to strike Defendant's answer pursuant to CPLR § 3126, and pursuant to CPLR § 2004, to extend the time to file the note of issue due to Defendant's failure to respond to Plaintiffs' Notice for Discovery and Inspection dated December 13, 2022 (Motion seq. 001, NYSCEF doc nos. 13-34). In relevant part, the December 13, 2022,demand sought production of the following:

1. Any and all records of a list of the employees assigned to the barrier services unit as of November 28, 2012.
2. Any and all records in defendant's possession, custody and/or control regarding any and all lawsuits involving trips and/or falls over any type of NYPD barriers prior to November 28, 2012.
3. Any and all diagrams and/or maps and/or drawings, other than those contained in the placement sheets that specifically depict where the barriers are to be placed.

By order and decision dated August 14, 2023, the court denied the motion to strike and granted the motion to extend the time to file the note of issue (Order, J. Kim, NYSCEF Doc No 32). With respect to the December 13, 2022 demand, the court held that Defendant had "responded to the discovery demands as directed and has properly objected to them" (*id*. at 2). Plaintiffs' time to file the note of issue was extended to October 1, 2023.

On October 13, 2023, Plaintiffs filed this motion to again extend the time to file the note of issue. Plaintiffs argue that an extension is warranted because Defendant has not produced documents responsive their December 13, 2022 demand for "records regarding any and all lawsuits involving trips and/or falls over any type of NYPD barriers prior to November 28, 2012" or "[a]ny and all diagrams and/or maps and/or drawings, other than those contained in the placement sheets that specifically depict where the barriers are to be placed," and did not respond to an April 4, 2022 demand for "[d]ocuments indicating how many different types of crowd control barricades does [sic] Defendant, CITY OF NEW YORK, have, with photographs of each type" and "[d]ocuments reflecting who and/or how the decision is made which type of crowd control barricade is used for

**151235/2014  CELIK, GULNAR vs. CITY OF NEW YORK**                    **Page 2 of 4**
**Motion No.  002**

2 of 4

[* 2]

each event in general, and with regards to the subject accident in particular." Plaintiff seeks to extend the time to file the note of issue until they have perfected an appeal of the court's August 14, 2023 order and until a decision on the appeal is issued by the Appellate Division, First Department. Defendant opposes the motion and argues that Plaintiffs have not demonstrated good cause for a second extension of the time to file the note of issue.

## Discussion

Pursuant to CPLR § 2004, the court may "extend the time fixed by any statute, rule or order for doing any act, upon such terms as may be just and upon good cause shown, whether the application for extension is made before or after the expiration of the time fixed." Here, Plaintiffs have failed to demonstrate good cause for a second extension of the time to file the note of issue. At the outset, Plaintiffs' motion is untimely because it was not filed until October 13, 2023, thirteen days after the October 1, 2023 deadline to file the note of issue that was set forth in the court's August 14, 2023 order. Moreover, the court held in its August 14, 2023 that Defendant had "responded to the discovery demands as directed and has properly objected to them." This is law of the case *(see Glynwill Invs., N.V. v Shearson Lehman Hutton, Inc.*, 216 AD2d 78, 79 [1st Dept 1995]). With respect to these demands, Plaintiffs' motion is tantamount to an untimely motion to reargue the court's prior decision (CPLR § Rule 2221(d) ["A motion for leave to reargue [1] shall be identified as such . . . and; [3] shall be made within thirty days after service of a copy of the order determining the prior motion and written notice of its entry.") Plaintiffs' request for a stay pending appeal of this decision would be more appropriately made to the Appellate Division, First Department, and is denied.

To the extent that Plaintiffs seek to compel production of documents demanded in its April 4, 2022 demand, no explanation is offered regarding why this issue was not raised on the prior

**151235/2014   CELIK, GULNAR vs. CITY OF NEW YORK**
**Motion No. 002**

**Page 3 of 4**

[* 3]

3 of 4

motion. Furthermore, Defendant has demonstrated that it responded to the demands with appropriate objections and produced a witness for deposition with knowledge of information responsive to the demand. Therefore, the motion is denied in its entirety and Plaintiff is directed to file the note of issue and certificate of readiness no later than February 23, 2024 at 5:00 p.m. Failure to timely comply with this order shall result in the automatic dismissal of the complaint (*see Heredia v Two Kings, Inc.,* 4 AD3d 153 [1st Dept 2004]).

Accordingly, it is

ORDERED that the motion for an extension of time to file the note of issue is denied; and it is further

ORDERED that the Plaintiffs shall file the note of issue and certificate of readiness no later than February 23, 2024 at 5:00 p.m.; and it is further

ORDERED that the parties are directed to appear for a settlement conference before the court on February 27, 2024 at 11:30 AM; and it is further

ORDERED that individuals with settlement authority are directed to be present at the settlement conference; and it is further

ORDERED that failure to timely file the note of issue and certificate of readiness as set forth herein shall result in automatic dismissal of the complaint.

This constitutes the decision and order of the court.

| 2/20/2024 | | HASA A. KINGO, J.S.C. |
|-----------|--|------------------------|
| DATE | | |

| CHECK ONE: | ☐ CASE DISPOSED | ☒ NON-FINAL DISPOSITION | |
|------------|-----------------|--------------------------|--|
| | ☐ GRANTED ☒ DENIED | ☐ GRANTED IN PART | ☐ OTHER |
| APPLICATION: | ☐ SETTLE ORDER | ☐ SUBMIT ORDER | |
| CHECK IF APPROPRIATE: | ☐ INCLUDES TRANSFER/REASSIGN | ☐ FIDUCIARY APPOINTMENT | ☐ REFERENCE |

151235/2014   CELIK, GULNAR vs. CITY OF NEW YORK
Motion No.  002

Page 4 of 4