| |
|---|
| **Scott v Leventhal** |
| 2024 NY Slip Op 31543(U) |
| April 30, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 656211/2017 |
| Judge: Debra A. James |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

| | |
|---|---|
| PRESENT:     HON. DEBRA A. JAMES | PART    59 |
| *Justice* | |

---------------------------------------------------------------------------------X

PATRICIA SCOTT, AS EXECUTRIX OF THE ESTATE OF
PATRICK FLEMING,

                     Plaintiff,

             - v -

JASON LEVENTHAL and LEVENTHAL LAW GROUP, P.C.,

                  Defendants.

---------------------------------------------------------------------------------X

| | |
|---|---|
| INDEX NO. | 656211/2017 |
| MOTION DATE | 08/10/2022 |
| MOTION SEQ. NO. | 017 018 |

**DECISION + ORDER ON
MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 017) 368, 369, 370, 371, 372, 373, 374, 375, 376, 377, 378, 379, 380, 381, 382, 383, 384, 385, 386, 388, 390, 391, 392, 393, 394, 395, 396, 397, 398, 399, 400

were read on this motion to/for          SUMMARY JUDGMENT (AFTER JOINDER)   .

The following e-filed documents, listed by NYSCEF document number (Motion 018) 341, 342, 343, 344, 345, 346, 347, 348, 349, 350, 351, 352, 353, 354, 355, 356, 357, 358, 359, 360, 361, 362, 363, 364, 365, 366, 367, 389, 401, 402, 403, 404, 405, 406, 407, 408, 409, 410, 411, 412, 413, 414, 415, 416, 417, 418, 419, 420

were read on this motion to/for             JUDGMENT - SUMMARY      .

ORDER

Upon the foregoing documents, it is

ORDERED that the motion of plaintiff for summary judgment in her favor (motion sequence number 017) is DENIED; and it is further

ORDERED that to the extent that it seeks to dismiss the first (breach of contract) and third (violation of Judiciary Law § 487) causes of action of the Third Amended Complaint, the motion of defendants for summary judgment dismissing the complaint (motion sequence number 018) is GRANTED; and it is further

656211/2017   SCOTT, PATRICIA vs. LEVENTHAL, ESQ., JASON
Motion No. 017 018

Page 1 of 7

1 of 7

ORDERED that to the extent that it seeks to dismiss the second (breach of fiduciary duty sounding in legal malpractice) and third (fraud) causes of action of the Third Amended Complaint, the motion of defendants to dismiss the complaint is DENIED; and it is further

ORDERED that counsel shall confer with the Clerk of Trial Assignment Part 40 to secure a mediation and/or trial date.

<u>DECISION</u>

This court previously dismissed plaintiff's causes of action for breach of contract and breach of fiduciary duty, holding that such causes of action were duplicative of plaintiff's legal malpractice cause of action. <u>See</u> NYSCEF Document Number 286. Such holdings are law of the case. <u>See</u> <u>Glynwill Investments, NV v Shearson Lehman Hutton, Inc</u>, 216 AD2d 78, 79 (1st Dept 1995).

Plaintiff's recasting the Third Amended Complaint to remove the legal malpractice cause of action and substitute and reassert another breach of contract claim (first cause of action) does not overcome such prior holding with respect to the breach of contract claim, as plaintiff has still not come forward with prima facie proof of any breach of contract by defendants, given, as found earlier, the provision of the retainer agreement dated September 8, 2015, that defendants could withdraw as counsel at any time before any lawsuit was

**656211/2017  SCOTT, PATRICIA vs. LEVENTHAL, ESQ., JASON**
**Motion No.  017 018**

**Page 2 of 7**

2 of 7

[* 2]

commenced, and, in fact defendants never commenced a lawsuit on behalf of plaintiff's decedent. Nor does plaintiff's assertion about defendants' alleged breach of the implied covenant of good faith and fair dealing rescue her breach of contract cause of action.

With respect to the claim of breach of fiduciary duty (second cause of action), such cause of action sounds in legal malpractice, and such legal practice claim was not previously dismissed by this court. In that regard, legal precedent holds that

> "In the attorney liability context, the breach of fiduciary duty claim is governed by the same standard as a legal malpractice claim. Accordingly, to recover damages against an attorney arising out of the breach of the attorney's fiduciary duty, plaintiff must establish the 'but for' element of malpractice."

Knox v Aronson, Mayefsky & Sloan, LLP, 168 AD3d 70, 75-76 (1st Dept 2018) (citations omitted). Plaintiff comes forward with prima facie evidence that "but for" the failure of defendants to commence a lawsuit within the statute of limitations for battery (one year after the alleged August 15, 2016 battery) or to inform her of such deadline so that she might retain new counsel to commence a timely action, she would have recovered damages for battery in a lawsuit asserting that City Correction Department employees intentionally assaulted and battered her decedent son, causing injury to his testicles. Specifically,

**656211/2017   SCOTT, PATRICIA vs. LEVENTHAL, ESQ., JASON**                    **Page 3 of 7**
**Motion No.  017 018**

3 of 7

[* 3]

plaintiff submits the records of Bellevue Hospital Center that states that plaintiff's decedent son was admitted to the hospital on August 16, 2015, with complaints that [prior to admission/11 AM, the day before] defendants' correction officers "kicked [him] in the balls 3 times", [and that] "patient noticed significant swelling ('swollen like a watermelon')" and that examination in hospital revealed "trauma to scrotum, now swelling and tenderness". As such evidence raises issues of fact with respect to plaintiff's claim of breach of fiduciary duty/legal malpractice, neither summary judgment dismissing such cause of action against defendants nor partial summary judgment of liability in favor of plaintiff is warranted. See Johnson v Suffolk County Police Department, 245 AD2d 340, 341 (2d Dept 1997).

As to plaintiff's claim that defendants violated Judiciary Law § 487(1), this court concurs with defendants that such claim lacks merit as plaintiff does not allege that defendants' alleged "deceit or collusion" occurred in the "context of "an action pending in a court"". Bill Birds, Inc v Stein Law Firm, PC (35 NY3d 173, 178 [2020]). Instead plaintiff asserts misleading or false advice preceding defendants' withdrawal from representation, but not in the context of "an action pending in a court", which, the Court of Appeals in Bill Birds, Inc, ibid, found to be insufficient to state a claim cognizable as a

**656211/2017   SCOTT, PATRICIA vs. LEVENTHAL, ESQ., JASON**
**Motion No.  017 018**

**Page 4 of 7**

4 of 7

violation of Judiciary Law § 487. Moreover, contrary to plaintiff's argument, any alleged misrepresentations made by defendants in the instant action relate to credibility herein, as, Judiciary Law § 487 pertains to representation of a client, and it is beyond peradventure that defendants no longer represent plaintiff.

With respect to the claim of fraud (fourth cause of action) of the Third Amended Complaint, plaintiff fails to connect the alleged bribes of City Correction Department employees at Rikers Prison, which were the subject of New York Times articles of June 2014, and May and September 16, 2016, to her assertions that defendants accepted a bribe from Correction Department employees in exchange for not commencing a lawsuit on her son's behalf, sometime after they entered into a retainer with her son on September 8, 2015. See Pramer S.C.A. v Abaplus Inter Corp, 76 AD3d 89, 94 (1st Dept 2010). Moreover, such newspaper articles are inadmissible hearsay. See Chong Min Mun v Soung Eun Hong, 109 AD3d 732, 733 (1st Dept 2013). However, given that defendants do not deny plaintiff's assertion (NYSCEF Document Number 369, p. 13 [f]) that they failed to turn over copies of bank statements recording their receipts for the period in question in response to plaintiff's discovery demands and the discovery orders of this court (NYSCEF Document Numbers 194 and 213), plaintiff is entitled to a negative inference (see Cabrera-Perez v Promesa Housing

Development Fund Corp, 225 AD3d 464 [1st Dept 2024]), which coupled with circumstantial evidence proffered by plaintiff concerning defendants' motives to withdraw from representing plaintiff son, creates a material issue of fact as to plaintiff's claim of fraud. See Quality Leasing & Management Corp v American Arbitration Association, 245 AD2d 30 (1st Dept 1997). Given that such evidence is not dispositive of the claim for fraud, resolution of which raises issues of credibility, the court shall deny each party's motion for summary disposition of the fraud claim.

On May 1, 2023, plaintiff's attorney Richard Pu, Esq., filed a "Notice of Change/Discharge of Attorney and Notice of Appearance", asserting that plaintiff would proceed pro se. (NYSCEF Document Number 426). This court notes that such Notice is a nullity as plaintiff herself never consented thereto. Such Notice is without force and effect as plaintiff, counsel's client, did not sign such form or acknowledge her signature before a notary public, as required pursuant to CPLR §321(b). See Garafola v Mayoka, 151 AD3d 1018 (2d Dept 2017). Instead such the form appears to have been filled out by counsel. Upon filing by plaintiff's counsel of a Notice of Substitution, which is duly signed and acknowledged by his client before a notary public, coupled with proof of service by overnight mail at her last known address of a signed copy thereof as well as a copy of her legal file on plaintiff from Richard Pu, Esq., which proof

**656211/2017   SCOTT, PATRICIA vs. LEVENTHAL, ESQ., JASON**
**Motion No.  017 018**

**Page 6 of 7**

6 of 7

Richard Pu, Esq., must post on NYSCEF, plaintiff may proceed pro se.  Thereafter, plaintiff pro se must e-mail the Clerk of IAS Part 59 that she wishes to proceed pro se (SFC-Part59Clerk@nycourts.gov), research information about representing herself at (Legal-References.pdf (nycourts.gov) and contact the Help Center Help Center | NYCOURTS.GOV for assistance with e-filing, as this lawsuit is an E-Filed case.

20240430204755DJAMESDDB7F856EB844C0F8A9880C61BA9E6D8

| | | |
|---|---|---|
| **4/30/2024** | | |
| **DATE** | | **DEBRA A. JAMES, J.S.C.** |

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | | DENIED | X | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

**656211/2017   SCOTT, PATRICIA vs. LEVENTHAL, ESQ., JASON**
**Motion No.  017 018**

Page 7 of 7

7 of 7

[* 7]