| |
|---|
| **Country-Wide Ins. Co. v Alvarez** |
| 2024 NY Slip Op 32874(U) |
| August 13, 2024 |
| Supreme Court, New York County |
| Docket Number: Index No. 654510/2021 |
| Judge: Emily Morales-Minerva |
| Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service. |
| This opinion is uncorrected and not selected for official publication. |

Cases posted with a "30000" identifier, i.e., 2013 NY Slip Op 30001(U), are republished from various New York State and local government sources, including the New York State Unified Court System's eCourts Service.

This opinion is uncorrected and not selected for official publication.

# SUPREME COURT OF THE STATE OF NEW YORK
# NEW YORK COUNTY

PRESENT: <u>HON. EMILY MORALES-MINERVA</u>

*Justice*

-------------------------------------------------------------------X

COUNTRY-WIDE INSURANCE COMPANY,

Plaintiff,

- v -

MARVIN ALEXANDER CASTRO ALVAREZ, NEW YORK CITY HEALTH AND HOSPITALS CORPORATION D/B/A LINCOLN MEDICAL MENTAL HEALTH CENTER, NEUROLOGICAL SURGERY, P.C.,SOUTH NASSAU COMMUNITIES HOSPITAL, ORTHOPAEDICS, SPINE AND SPORTS MEDICINE, LLC,ADVANCED ORTHOPEDICS AND JOINT PRESERVATION P.C.,METRO PHARMACY D/B/A SIMPLEPHARM, BROOKLYN MEDICAL PRACTICE, P.C.,UNICORN ACUPUNCTURE P.C.,ECLIPSE MEDICAL IMAGING P.C.,SURGICORE OF JERSEY CITY, LLC,PMGT MEDICAL AND SURGICAL ASSOCIATES, LLP, LERMAN MEDICAL, P.C.,NEUROTRACK, LLC,LIMA SUPPLY INC, MPO MS, INC

Defendants.

-------------------------------------------------------------------X

| | |
|---|---|
| PART | 42M |
| INDEX NO. | 654510/2021 |
| MOTION DATE | 04/03/2024 |
| MOTION SEQ. NO. | 005 |

**DECISION + ORDER ON MOTION**

The following e-filed documents, listed by NYSCEF document number (Motion 005) 86, 87, 88, 89, 90, 91, 92, 93, 94, 95, 96, 97, 98, 99, 100, 101, 102, 103, 104, 105, 106, 107, 108, 109, 110, 111, 112, 113, 114, 115, 116, 117, 118, 119, 120, 121

were read on this motion to/for                    <u>JUDGMENT - SUMMARY</u>          .

APPEARANCES:

> Jaffe & Velazquez, LLP, New York, New York (Carl J. Gedeon Esq., of counsel), for Plaintiff.
>
> The Ryback Firm, LLC, Brooklyn, New York (Oleg Rybak, Esq., of counsel), for Defendant SURGICORE.

HON. EMILY MORALES-MINERVA:

654510/2021  COUNTRY-WIDE INSURANCE COMPANY vs. ALVAREZ, MARVIN ALEXANDER
CASTRO ET AL
Motion No. 005

Page 1 of 12

[* 1]

This is a declaratory judgment action, pursuant to CPLR §§ 3001[1] and 3017 (b),[2] arising in the context of no-fault insurance (see Comprehensive Motor Vehicle Insurance Reparation Act [Insurance Law] § 5101, et seq.). In the subject motion (sequence no. 005), plaintiff COUNTRY-WIDE INSURANCE COMPANY (INSURANCE COMPANY) moves for an order granting it summary judgment against defendant SURGICORE OF JERSEY CITY, LLC ("SURGICORE"), assignee of the insurance benefits of defendant MARVIN ALEXANDER CASTRO ALVAREZ ("ALVAREZ") (see CPLR § 3212 [governing summary judgment]). INSURANCE COMPANY reasons that ALVAREZ breached a condition precedent to coverage, voiding the policy and leaving SURGICORE without a right to recovery, as a matter of law.

SURGICORE submits opposition, arguing, among other things, that INSURANCE COMPANY's denial of claim is untimely, and the subject motion is premature. INSURANCE COMPANY submits a reply.

For the reasons set forth below, the motion is denied in its entirety.

---

[1] CPLR § 3001 provides, in part: "The supreme court may render a declaratory judgment having the effect of a final judgment as to the rights and other legal relation so the parties to a justiciable controversy whether or not further relief is or could be claims."

[2] CPLR § 3017 (b) provides: "In an action for a declaratory judgment, the demand for relief in the complaint shall specify the rights and other legal relations on which a declaration is requested and state whether further or consequential relief is or could be claimed and nature and extent to any such relief which is claimed."

654510/2021 COUNTRY-WIDE INSURANCE COMPANY vs. ALVAREZ, MARVIN ALEXANDER CASTRO ET AL
Motion No. 005

Page 2 of 12

2 of 12

[* 2]

## BACKGROUND

On September 13, 2019, defendant MARVIN ALEXANDER CASTRO ALVAREZ ("ALVAREZ") was involved in an automobile accident. For related injuries, he received medical treatment and/or medical supplies from defendant SURGICORE OF JERSEY CITY, LLP ("SURGICORE"). ALVAREZ assigned his no-fault benefits to SURGICORE, among other defendants not a part to this motion.[3]

Upon receiving verification of treatment from another medical provider, INSURANCE COMPANY mailed a letter, dated May 26, 2020, to defendant ALVAREZ and his attorney, requesting that ALVAREZ attend an Examination Under Oath ("EUO") scheduled for June 19, 2020 (NYSCEF Doc. No. 095, EUO First Notice Letter). The letter indicated that INSURANCE COMPANY sought to "clarify some of the facts and circumstances surrounding [the] claim" (id. at p. 2).

---

[3] This action has been resolved as to defendant injured party and all other defendant medical providers. INSURANCE COMPANY entered stipulations of settlement with defendants NEW YORK CITY HEALTH AND HOSPITALS CORPORATION D/B/A LINCOLN MEDICAL MENTAL HEALTH CENTER, METRO PHARMACY D/B/A SIMPLEPHARM, LIMA SUPPLY INC., and MPO MS, INC (NYSCEF Doc. Nos. 64, 66). Further, by decision and order, dated March 12, 2024, the Court (N. Bannon, J.S.C) issued a default judgment against defendants ALVAREZ, NEUROLOGICAL SURGERY, P.C., SOUTH NASSAU COMMUNITIES HOSPITAL, ORTHOPAEDICS, SPINE AND SPORTS MEDICINE, LLC, BROOKLYN MEDICAL PRACTICE, P.C., UNICORN ACUPUNCTURE P.C., ECLIPSE MEDICAL IMAGING P.C., PGMT MEDICAL AND SURGICAL ASSOCIATES, LLP, LERMAN MEDICAL, PC and NEUROTRACK, LLC (NYSCEF Doc. No. 84). Finally, INSURANCE COMPANY confirmed that it discontinued this action as against defendant ADVANCED ORTHOPEDICS AND JOINT PRESERVATION, P.C. (see NYSCEF Doc. No. 80, affirmation in support of plaintiff's counsel, dated Oct. 25, 2023, at 3, ¶ 9).

654510/2021  COUNTRY-WIDE INSURANCE COMPANY vs. ALVAREZ, MARVIN ALEXANDER CASTRO ET AL
Motion No. 005

Page 3 of 12

3 of 12

[* 3]

Due to the COVID-19 pandemic, INSURANCE COMPANY adjourned the examinations under oath from June 19, 2020, to July 17, 2020, and then from July 17, 2020, to August 17, 2020 (NYSCEF Doc. No. 029, EUO Cancellation Notice; NYSCEF Doc No. 095, EUO Rescheduling Letters; NYSCEF Doc. No. 96, EUO Rescheduling Letter). INSURANCE COMPANY notified both defendant ALVAREZ and his attorney of the adjournments via letter (id.).

However, on August 17, 2020, neither defendant ALVAREZ nor his counsel appeared for the examination under oath (see NYSCEF Doc. No. 097, certified transcript, dated August 17, 2020 at p. 3). INSURANCE COMPANY then rescheduled the examination to September 14, 2020 (NYSCEF Doc. No. 098, Final EUO Scheduling Letter).

In its rescheduling notice, INSURANCE COMPANY again broadly noted the purpose of the examination under oath was to "clarify some of the facts and circumstances surrounding [the] claim" (id.). At the subsequent EUO, neither ALVAREZ nor his attorney appeared (see NYSCEF Doc. No. 099, certified transcript of EUO, dated September 14, 2020). The next day, INSURANCE COMPANY denied all claims and coverage for ALVAREZ's breach of a condition precedent (NYSCEF Doc. No. 102, Denial of Claim letter).

Thereafter, on July 21, 2021, INSURANCE COMPANY filed the instant complaint, seeking a declaratory judgment that defendant

654510/2021 COUNTRY-WIDE INSURANCE COMPANY vs. ALVAREZ, MARVIN ALEXANDER CASTRO ET AL                    Page 4 of 12
Motion No. 005

4 of 12

ALVAREZ and defendant medical providers have no rights under the insurance policy, and that INSURANCE COMPANY owes no duty to pay no-fault claims on ALVAREZ's behalf (NYSCEF Doc. No. 001). Defendants ALVAREZ, NEUROLOGICAL SURGERY, P.C., SOUTH NASSAU COMMUNITIES HOSPITAL, ORTHOPAEDICS, SPINE AND SPORTS MEDICINE, LLC, BROOKLYN MEDICAL PRACTICE, P.C., UNICORN ACUPUNCTURE, P.C., ECLIPSE MEDICAL IMAGING, P.C., SURGICORE OF JERSEY CITY, LLC, PMGT MEDICAL AND SURGICAL ASSOCIATES, LLP, LERMAN MEDICAL, P.C., and NEUROTRACK, LLC, failed to submit an answer.

Consequently, INSURANCE COMPANY filed a motion (seq. no. 001), pursuant to CPLR § 3215, for leave to enter a default judgment against the above listed defendants. The Court (N. Bannon, J.S.C.) denied said motion without prejudice to renewal (see NYSCEF Doc. No. 069, Decision and Order, February 1, 2023).

Later, on October 27, 2023, INSURANCE COMPANY filed a motion (seq. no. 004) to renew and reargue its application for a default judgment.[4] During the pendency of said motion, defendant SURGICORE filed an untimely answer and demand for verified interrogatories, subject to no opposition (NYSCEF Doc. No. 82, Answer, November 21, 2023; NYSCEF Doc. No. 083, Notice of Discovery and Inspection, November 21, 2023).

---

[4] Plaintiff filed a motion to renew and reargue (seq. no. 003) on September 29, 2023, which was denied without prejudice to renew upon proper papers by including a Memorandum of Law within thirty days (NYSCEF Doc. No. 77, Decision and Order, N. Bannon, J.S.C.). Plaintiff filed the instant application on October 27, 2023, with the requisite Memorandum of Law.

**654510/2021   COUNTRY-WIDE INSURANCE COMPANY vs. ALVAREZ, MARVIN ALEXANDER CASTRO ET AL**   **Page 5 of 12**
**Motion No.  005**

5 of 12

[* 5]

On March 12, 2024, the Court (N. Bannon, J.S.C.) granted INSURANCE COMPANY's motion to renew the Court's denial of a default judgment and, upon renewal, granted a default judgment against the non-answering defendants, except for the late-filing SURGICORE (NYSCEF Doc. No. 84, Decision and Order, N. Bannon, J.S.C.). Justice Bannon found that INSURANCE COMPANY established (1) that it received verification of treatment forms from certain medical providers on May 18, 2020 and May 20, 2020, and timely sent its first scheduling notice on May 26, 2020, (2) that ALVAREZ failed to appear for his EUOs on August 17, 2020, and on September 14, 2020, and (3) that INSURANCE COMPANY was, therefore, entitled to judgment as against all non-answering defendants for breach of a condition precedent that voided the insurance policy (id.).

INSURANCE COMPANY then filed the subject motion (seq. no. 005) for an order, granting it summary judgment against the only remaining defendant SURGICORE.[5] In opposition, defendant SURGICORE argues, among other things, that INSURANCE COMPANY has failed to establish the timeliness of its denial of the claim,

---

[5] In support of its motion, plaintiff submitted the Application for Motor Vehicle No-Fault Benefits form ("NF-2 form") and Claim Auto Loss Report (NYSCEF Doc. No. 094); the requests for examinations under oath (NYSCEF Doc. Nos. 095, 096, 098); the certified transcript of statements on the record at the scheduled examination under oath, reflecting defendant ALVAREZ's non-appearance (NYSCEF Doc. Nos. 097, 099); an affidavit of Jessica Mena-Sibrian, No-Fault Litigation/Arbitration Supervisor (NYSCEF Doc. No. 100); an affidavit of Annie Persaud, EUO clerk (NYSCEF Doc. No. 101); the Denial of Claim form (NYSCEF Doc. No. 102); and the Verification of Treatment by Attending Physician forms ("NF-3 form") (NYSCEF Doc. No. 103).

654510/2021  COUNTRY-WIDE INSURANCE COMPANY vs. ALVAREZ, MARVIN ALEXANDER      Page 6 of 12
CASTRO ET AL
Motion No. 005

[* 6]                                                        6 of 12

has failed to provide sufficient justification requesting EUOs and has failed to comply with discovery demands, making the subject application for summary judgment premature.

ANALYSIS

*Law of the Case*

SURGICORE's first argument that the Court should deny **INS**URANCE COMPANY an order of summary judgment because it issued untimely requests for examination under oath is unavailing. The Court (N. Bannon, J.S.C.) explicitly held that INSURANCE COMPANY timely scheduled the EUOs within the statutory period, pursuant to 11 NYCRR § 65-3.5(b) (NYSCEF Doc. No. 84, Decision and Order). This substantive determination cannot be relitigated in the context of this motion, and it is the law of the case (Glynwill Invs., N.V. v Shearson Lehman Hutton, Inc., 216 AD2d 78, 79 [1st Dept 1995]).

However, said holding does not defeat SURGICORE's remaining arguments, addressed immediately below.

*Summary Judgment*

On a motion for summary judgment, the moving party must "'make a prima facie showing of entitlement to judgment as a matter of

654510/2021  COUNTRY-WIDE INSURANCE COMPANY vs. ALVAREZ, MARVIN ALEXANDER       Page 7 of 12
CASTRO ET AL
Motion No. 005

7 of 12

[* 7]

law, tendering [evidentiary proof in admissible form] to demonstrate the absence of any material issues of fact'" (Nomura Asset Capital Corp. v Cadwalader, Wickersham & Taft LLP, 26 NY3d 40, 49 [2015], citing Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; CPLR § 3212 [b]; Friends of Animals v Associated Fur Mfrs., 46 NY2d 1065, 1066 [1979] [providing movant must support the subject application with "'evidentiary proof in admissible form'"]). Further, it is black letter law that such proof shall include the "affidavit" of a person having personal knowledge of the facts, "a copy of the pleadings" and "other available proof, such as depositions and written admissions" (CPLR § 3212 [b]).

The court must view the facts in the light most favorable to the non-movant, giving it the benefit of all reasonable inferences (see De Lourdes Torres v Jones, 26 NY3d 742 [2016]). If the moving party makes the requisite showing, the non-moving party then has the burden "'to establish the existence of [factual issues] which require a trial of the action'" (id. at 763, citing Vega v Restani Constr. Corp., 18 NY3d 499, 503 [2012], quoting Alvarez, 68 NY2d at 324).

It is well established that "failure to submit to an EUO and 'subscribe to the same' violates a condition precedent to coverage" (Hertz Vehicles, LLC v Best Touch PT, P.C., 162 AD3d 617, 618 [1st Dept 2018]; see 11 NYCRR § 65-2.4[c][2]). "[A] violation of a condition precedent to coverage vitiates the [insurance] policy"

654510/2021 COUNTRY-WIDE INSURANCE COMPANY vs. ALVAREZ, MARVIN ALEXANDER     Page 8 of 12
CASTRO ET AL
Motion No. 005

8 of 12

[* 8]

(PV Holding v Hank Ross Med., P.C., 188 AD3d 429, 430 [1st Dept 2020]).

However, the inquiry does not end there.[6] The governing regulations provide that a no-fault insurer must have a "specific objective justification supporting the use of [the EUO]" (11 NYCRR § 65-3.5[e]).

If a medical-provider defending a no-fault-coverage action, as here, questions whether the insurer had a proper basis for seeking the EUO, the insurer must identify its justification for the EUO request (see Country-Wide Ins. Co. v Delacruz, 205 AD3d 473, 474 (1st Dept 2022]). In the "absence of any justification for the EUO, [the insurer] cannot establish, as a matter of law, that it complied with the governing regulations" (Delacruz, 205 AD3d at 474; accord Kemper Independence Ins. Co. v AB Med. Supply, Inc., 187 AD3d 671 [1st Dept 2020]).

Applying these principles, INSURANCE COMPANY's motion papers fail to establish entitlement to summary judgment. No objective justification for the examinations is set forth in either the scheduling letters, the affidavits of Jessica Mena-Sibrian and Annie Persaud, or the other evidence submitted in

---

[6] An opposed motion for summary judgment (seq. no. 005) involves a stricter standard of review than an unopposed request for default judgment (mot. seqs. 001, 004) (see Country-Wide Ins. Co. v Evans, 2022 NY Slip Op 33966[U], *2 [Sup Ct, NY County 2022]).

654510/2021 COUNTRY-WIDE INSURANCE COMPANY vs. ALVAREZ, MARVIN ALEXANDER CASTRO ET AL
Motion No. 005

Page 9 of 12

9 of 12

[* 9]

support of the instant motion (see Country-Wide Ins. Co. v Evans, 2022 NY Slip Op 33966[U] [Sup Ct, NY County 2022]).

INSURANCE COMPANY's conclusory assertion that it seeks clarification about the facts of defendant ALVAREZ's car accident -- without indication of what facts are in question, or why -- is not sufficient (see Delacruz, 205 AD3d at 473). While an insurer's reasoning for an examination under oath need not be lengthy or overly detailed, the insurer must be specific enough to show that the request is not routine or arbitrary (see Kemper Indep. Ins. Co. v Accurate Monitoring, LLC, 73 Misc.3d 585, 588 [Sup Ct, NY County 2021]).

INSURANCE COMPANY is correct that a failure to state the objective justification in the request for an EUO does not alone render the request improper. However, insurers must provide justification for the EUO process thereafter -- "whether during the claims-verification process or in later litigation" -- which INSURANCE COMPANY has failed to do (Evans, 2022 NY Slip Op 33966[U], *3, citing Delacruz, 205 AD3d at 473-474).

Finally, contrary to INURANCE COMPANY's contention, SURGICORE is not required to "lodge any objection . . . within a specific time frame," particularly when the insurer, as here, provides no justification for the examination under oath (Delacruz, 205 AD3d at 474; Country-Wide Ins. Co. v Alicea, 183 NYS3d 848 [1st Dept 2023]).

In any event, SURGICORE appears correct that INSURANCE COMPANY's motion for an order of summary judgment is premature (see CPLR § 3212 [f]). Prior to this motion, SURGICORE served discovery requests on INSURANCE COMPANY seeking information concerning the purpose of the EUOs and INSURANCE COMPANY has yet to respond (compare Country-Wide Ins. Co. v Henderson, 77 Misc3d 1218(A), *2 [Sup Ct, NY County 2022] [holding: summary judgment motion premature where plaintiff moved for summary judgment two months after defendant filed answer and before having provided discovery being sought], with Country-Wide Ins. Co. v Duff, 77 Misc3d 1216(A), *3 [Sup Ct, NY County 2022] [holding: summary judgment motion not premature where one-year prior to plaintiff moving for summary judgment, defendant served discovery request on plaintiff, and defendants had not only received responses to those requests, but objected to them as incomplete, and took no further action to compel]). "The reason for the EUO request is a fact essential to justify opposition to plaintiff's summary judgment motion, [that is] exclusively within the knowledge and control of [plaintiff]" (American Tr. Ins. Co. v Jaga Med. Servs. P.C., 128 AD3d 441, 441 [1st Dept 2015]; Alicea, 183 NYS3d at 848).

654510/2021  COUNTY-WIDE INSURANCE COMPANY vs. ALVAREZ, MARVIN ALEXANDER
CASTRO ET AL
Motion No. 005

Page 11 of 12

11 of 12

Accordingly, it is

ORDERED that plaintiff COUNTRY-WIDE INSURANCE COMPANY's motion (seq. no. 005) for summary judgment is denied in its entirety; and it is further

ORDERED that the matter is scheduled for a virtual preliminary conference on October 15, 2024, at 11:00 A.M. in Part 42.

THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.

8/13/2024
DATE

EMILY MORALES-MINERVA, J.S.C.

| CHECK ONE: | | CASE DISPOSED | | | X | NON-FINAL DISPOSITION | | |
|---|---|---|---|---|---|---|---|---|
| | | GRANTED | X | DENIED | | GRANTED IN PART | | OTHER |
| APPLICATION: | | SETTLE ORDER | | | | SUBMIT ORDER | | |
| CHECK IF APPROPRIATE: | | INCLUDES TRANSFER/REASSIGN | | | | FIDUCIARY APPOINTMENT | | REFERENCE |

654510/2021  COUNTRY-WIDE INSURANCE COMPANY vs. ALVAREZ, MARVIN ALEXANDER
CASTRO ET AL
Motion No.  005

Page 12 of 12